520 So.2d 276 (1988)
STATE of Florida, Petitioner,
v.
Roxanne WILLIAMS, Respondent.
No. 70580.
Supreme Court of Florida.
February 25, 1988.
Robert A. Butterworth, Atty. Gen. and Davis G. Anderson, Asst. Atty. Gen., Tampa, for petitioner.
Michael E. Allen, Public Defender and Phil Patterson, Asst. Public Defender, Second *277 Judicial Circuit, Tallahassee, for respondent.
KOGAN, Justice.
This is a petition to review Williams v. State, 505 So.2d 478 (Fla.2d DCA 1987), in which the second district certified that its opinion was in conflict with Bowling v. State, 479 So.2d 146 (Fla. 5th DCA 1985). 505 So.2d at 480. We have jurisdiction, Article V, section 3(b)(4), Florida Constitution, and we approve the opinion of the Second District Court of Appeal.
Williams was convicted of leaving the scene of an accident resulting in personal injury. As a condition of probation, the trial court required her to pay restitution to her employer, or to her insurance company, if the claims made by the victim were reduced to judgment. On appeal, the second district reversed the probation condition on the grounds that the damages from the accident bore no relationship to the crime for which she was convicted. The state has petitioned this Court to review that decision.
The issue on appeal is whether the offense of leaving the scene of an accident bears a significant relationship to damages arising out of the accident. The starting point of our analysis must be the statute which justifies ordering restitution in these cases. The trial court's restitution order is controlled by section 775.089(1)(a), Florida Statutes (1985). That statute reads in pertinent part:
In addition to any punishment, the court shall order the defendant to make restitution to the victim for damage or loss caused directly or indirectly by the defendant's offense, unless it finds reasons not to order such restitution [Emphasis added].
Williams argues that no damages were caused, either directly or indirectly by her offense of leaving the scene of an accident. While it is true that there were damages, she contends they could not have been caused by her flight from the scene. The state counters with the argument that leaving the scene was just one link in the chain of events in which injuries took place. Those events, an accident in which people were injured, and Williams' hasty departure, form a causal chain linking the offense of leaving the scene to the injuries sustained in the accident.
The state relies primarily on this Court's decision in J.S.H. v. State, 472 So.2d 737 (Fla. 1985). In that case, a juvenile was convicted of theft for stealing radio equipment out of a boat which was damaged extensively in the course of the theft. The trial court ordered the defendant to pay restitution for damages caused to the boat by his forcibly removing the bolted-down equipment from the boat and cutting a hole in the deck of the boat. The district court affirmed and this Court approved that decision, holding that the crime of theft bore a significant relationship to the damage to the boat. The Court reasoned that the theft of the equipment directly caused the damage to the boat. In other words, the damage to the boat would not have occurred but for the theft of the equipment. The state argues that the same reasoning should apply in this case. We disagree.
The damages arising out of the accident would have occurred with or without Williams committing the offense of leaving the scene of an accident. Those damages transpired independent of that crime. This Court, in J.S.H., allowed restitution in a case where there was a significant relationship between the damages and the offense. This significant relationship test does not replace the causal relationship required by section 775.089(1)(a). Rather, we believe that the significant relationship test enunciated in J.S.H. should work in conjunction with the causation required by the statute.
The state, in oral argument, has asked this Court to ignore the language in the statute regarding damages caused directly or indirectly by the offense. This we will not do. The language is in the statute with good reason. We cannot simply bypass the plain language of a statute simply because the state finds that language inconvenient. Section 775.089(1)(a) is not ambiguous. Our inquiry must necessarily end there. We may examine the legislative intent only *278 where the statute is ambiguous on its face. Streeter v. Sullivan, 509 So.2d 268 (Fla. 1987); State v. Egan, 287 So.2d 1 (Fla. 1973).
The fifth district in Bowling v. State, 479 So.2d 146 (Fla. 5th DCA 1985), held that a defendant who is convicted of the crime of failure by one involved in an accident to stop and render aid to an injured person may be ordered to pay restitution damages where there is no question as to causation of the damages. Here there had been no determination that Williams caused the damages. It is clear that they were not caused by her leaving the scene of an accident. The only damages for which Williams may be ordered to pay restitution are those caused directly or indirectly by the act of leaving the scene of an accident. Accordingly, we approve the opinion of the second district, and remand this case to the trial court for resentencing consistent with this opinion.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT and GRIMES, JJ., concur.