PARKER, Judge.
Gibson appeals a trial court order requiring that he pay restitution as a condition of his probation, following his entry of pleas of nolo contendere to the offenses of grand theft and organized fraud. We reverse the order of restitution.
In January 1985, Gibson entered into an agreement to purchase a health spa in New Port Richey, Florida. After Gibson began operating the spa, he learned that its financial condition had been misrepresented to the extent that Gibson was forced to seek protection from creditors by filing a petition for reorganization pursuant to chapter 11 of the United States Bankruptcy Code *762 on September 11,1985. Pursuant to a stipulation entered earlier that month between Gibson and the owner of the premises on which the spa was located, the bankruptcy court entered an order on November 18, 1985, allowing Gibson to continue operating the spa at the same location until February 28, 1986, provided he maintained paying rent to the owner of the property. Gibson concedes in this appeal that based on this stipulation, the state probably would be able to prove that sometime after November 1, 1985, Gibson knew the bankruptcy court would enter an order demanding that he vacate the spa premises.
Following the entry of the bankruptcy court order, Gibson continued to operate the spa and to sell spa memberships. According to Gibson during this time, he attempted to negotiate a new lease or the purchase of the property, or alternatively to secure a new location. On February 17, 1986, the spa’s ceiling collapsed together with Gibson’s plans. Gibson was not able financially to repair the structure and because of adverse publicity surrounding the bankruptcy proceeding, was unsuccessful in leasing or purchasing a new site for the spa. With no location available, Gibson soon thereafter ceased operations.
On November 4, 1986, the state filed an information charging Gibson with grand theft and organized fraud. Count I of the information charges Gibson with theft in connection with the sale of health spa memberships between and including November 1, 1985, and February 28, 1986. Gibson is charged in count II with organized fraud * in connection with the sale of spa memberships between and including November 1, 1985, and February 28, 1986. The substance of these offenses was set forth in the probable cause affidavit submitted by the state, which states that Gibson continued to sell memberships to the spa in spite of his knowledge of the stipulation and order which granted Gibson until February 28, 1986, to vacate the premises on which the spa was located. The affidavit further alleges that between January 1, 1986, and February 23, 1986, Gibson continued to advertise and to sell memberships to the spa when he knew the spa would no longer be operational after February 28, 1986. Because more than ten individuals were involved in the sale of memberships, Gibson was charged not only with grand theft, but also with organized fraud. There is no allegation of fraud, however, in connection with the filing for bankruptcy, nor was there any allegation that Gibson intended to cease operations at the time he filed the bankruptcy petition.
Pursuant to a plea agreement, Gibson entered a plea of nolo contendere to grand theft and organized fraud in connection with the sale of memberships to the health spa. The court withheld adjudication and sentenced Gibson to five years probation on each count to run consecutively. Gibson also agreed to pay restitution in connection with his probation. Because the restitution amount was in dispute, a hearing was scheduled to determine the amount of restitution Gibson should pay.
At the restitution hearing, the state maintained the position that Gibson should be ordered to pay restitution to all individuals who purchased spa memberships after Gibson filed for bankruptcy. Gibson argued that the restitution should be limited to those individuals who purchased memberships after the bankruptcy court entered an order requiring him to vacate the spa premises, because those individuals were victims of the offenses to which he had pled nolo contendere. The court rejected Gibson’s argument and determined that the award of restitution could properly include all individuals who purchased memberships after Gibson filed for bankruptcy. The court noted that individuals who purchased memberships after that time could legitimately consider themselves victims of *763 the offenses to which Gibson had pled nolo contendere.
The trial court’s restitution order is controlled by section 775.089(l)(a), Florida Statutes (1985). That statute reads:
In addition to any punishment, the court shall order the defendant to make restitution to the victim for damage or loss caused directly or indirectly by the defendant’s offense, unless it finds reasons not to order such restitution.
§ 775.089, Fla.Stat.(1985) (emphasis supplied).
In addition to the requirement that the victims’ losses be causally related to the charged crimes, there must be a significant relationship between the damages and the offenses for an award of restitution. State v. Williams, 520 So.2d 276 (Fla.1988). The significant relationship test operates in conjunction with the causation required by section 775.089(l)(a) and, in effect, presupposes that the causation element has been satisfied. Id.
The state charged Gibson with two crimes, alleging both occurred between November 1,1985, and February 28,1986. At the restitution hearing no evidence was offered that either crime occurred before November 1, 1985. Nor was there any evidence establishing that Gibson committed fraud or grand theft when he filed for bankruptcy under chapter 11. The state argues that had this matter proceeded to trial, and since no bills of particulars were filed by the defense, the state could have proved the crimes occurred within two years of the dates alleged in the information. That may be true; nevertheless, the only factual basis offered at the restitution hearing regarding when the crimes occurred was the information and the probable cause affidavit. Had the state produced evidence upon which the trial court could rely showing that Gibson’s fraudulent scheme commenced before the period charged in the information, we could conclude the trial judge had a factual basis to decide the issue of restitution as he did. The record before us, however, does not support such a finding. Since it was the state’s burden to produce that evidence at the restitution hearing, which it failed to do in this instance, we reverse the order of restitution to the extent that it encompasses losses incurred by individual members before November 1, 1985. We remand this matter to the trial court for the entry of an order which assesses an amount of restitution consistent with the dates alleged in the information.
Reversed and remanded with instructions.
RYDER, A.C.J., and LEHAN, J., concur.

 Section 817.035(2), Florida Statutes (1985), since repealed, provides:
Any person who engages in a scheme constituting a systematic, ongoing course of conduct with intent to defraud 10 or more persons, or to obtain property from 10 or more persons by false or fraudulent pretenses, representations, or promises, and who so obtains property from 1 or more of such persons is guilty of a felony of the third degree....