559 So.2d 1274 (1990)
David Dean ARLING, Appellant,
v.
STATE of Florida, Appellee.
No. 87-03058.
District Court of Appeal of Florida, Second District.
April 18, 1990.
James Marion Moorman, Public Defender, and Jennifer Y. Fogle, Asst. Public Defender, Bartow, for appellant.
*1275 Robert A. Butterworth, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellee.
ALTENBERND, Judge.
Mr. Arling was convicted of dealing in stolen property. He appeals his restitution order which set restitution in the total amount of $1,065. Specifically, he challenges the award of $250 to reimburse the victim for attorneys' fees incurred by the victim in an interpleader action. The interpleader action resolved competing rights in the stolen property. We affirm the award because the attorneys' fees constitute a loss caused indirectly by Mr. Arling's offense of dealing in stolen property and a loss that the victim clearly would be entitled to recover if the victim filed a separate civil action against Mr. Arling.
In September 1986, Mr. Arling stole a wedding ring set from the glove compartment of a car which was parked at Lido Beach. He then sold the rings to the victim, John F. Dinkel, d/b/a Custom Jewelry, in Bradenton, Florida. Although the rightful owner valued the ring set at $3,000, Mr. Arling sold the set to Mr. Dinkel for $815.
In October 1986, the Manatee County Sheriff's Office arrested Mr. Arling for the offense. He admitted that he had stolen the rings and had sold them to Custom Jewelry. The sheriff recovered the stolen rings and filed an interpleader action to determine who was entitled to possession of the rings. Mr. Dinkel incurred attorneys' fees totaling $250 in that action.
Mr. Arling concedes that Mr. Dinkel is a victim who was duped by Mr. Arling's assurances that he owned the rings and had the right to sell them. He does not challenge that portion of the restitution order which reimburses Mr. Dinkel $815 without accrued interest for his direct loss. He merely argues that Mr. Dinkel's attorneys' fees were caused by the sheriff's decision to file an interpleader action, rather than by his crime of dealing in stolen property. We disagree.
Absent clear and compelling reasons, section 775.089(1), Florida Statutes (1985), requires the trial court to order the defendant to make restitution for damage or loss "caused directly or indirectly by the defendant's offense." Before this statute was amended to permit recovery for losses caused indirectly by the offense, the supreme court had held that the loss must bear a significant relationship to the offense for which the defendant was convicted. J.S.H. v. State, 472 So.2d 737 (Fla. 1985). Subsequent to the amendment of the statute reducing the necessary causal connection between the offense and the loss, the supreme court has held that the significant relationship test "should work in conjunction with the causation required by the statute." State v. Williams, 520 So.2d 276, 277 (Fla. 1988). We believe the causation required between the offense and the damage under Williams is similar, if not identical, to the proximate causation required in tort between a tortious act and the resulting damage. See Fla.Std.Jury Instr. (Civ.) 5.1. Thus, the victim should be entitled to recover damages through criminal restitution if the causal connection between the criminal offense and the damage is comparable to that proximate causation which would allow the victim to relate comparable damages to a wrongful act in tort.
It is well established that attorneys' fees incurred in litigation with a third party may be a recoverable element of damage in a civil action if that litigation was caused by the defendant's wrongful act. De Pantosa Saenz v. Rigau & Rigau, P.A., 549 So.2d 682 (Fla. 2d DCA 1989). Although the sheriff's decision to file the interpleader action may be one of several concurring causes of the loss, the interpleader action would never have occurred but for Mr. Arling's dealing in stolen property. It is reasonably foreseeable to a person who deals in stolen property that the act of selling stolen property may result in a third party filing litigation to determine the rightful owner of that property. Thus, the trial court's decision to causally relate *1276 these attorneys' fees to the criminal offense is supported by substantial competent evidence.
Affirmed.
CAMPBELL, C.J., and DANAHY, J., concur.