565 So.2d 855 (1990)
Steve AHNEN, Appellant,
v.
STATE of Florida, Appellee.
No. 87-03239.
District Court of Appeal of Florida, Second District.
August 10, 1990.
James Marion Moorman, Public Defender, and Jennifer Y. Fogle, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Steve Ahnen appeals an order of the circuit court assessing restitution in the amount of $1,250.00. We affirm in part and reverse in part.
Ahnen was charged with stealing electronic equipment and other property belonging to Leroy Heiden. A hearing was conducted to determine the exact amount of restitution due. In addition to estimating the value of the stolen items, Mr. Heiden stated that he had paid a private investigator $621.00 to locate his missing property because he believed the sheriff's department had been "suppressing evidence and concealing information." This sum was included within the award of $1,250.00.
We agree that it was error to order Ahnen to reimburse Mr. Heiden for the private investigator's fee. Before restitution may be awarded under section 775.089(1), Florida Statutes (1987), there must be a significant relationship between the crime committed and the damages sustained, plus proof that the defendant's conduct directly or indirectly caused the loss. State v. Williams, 520 So.2d 276 (Fla. 1988). This element of causation has been likened to the proximate causation required in tort between a tortious act and the resulting damage. Arling v. State, 559 So.2d 1274 (Fla. 2d DCA 1990).
In Arling this court approved restitution for attorney's fees incurred by a theft victim, finding it reasonably foreseeable to a person dealing in stolen goods that legal action might be necessary to determine the lawful owner of stolen goods. But see State v. O'Brien, 96 Or. App. 498, 774 P.2d 1109, rev. denied, 308 Or. 466, 781 P.2d 1214 (1989). On the other hand, a burglary victim's travel expenses, incurred in returning *856 home from out of town to attend to the damage to her property, were held not sufficiently foreseeable to merit reimbursement under the statute. Cliburn v. State, 510 So.2d 1155 (Fla. 3d DCA 1987).In the present case, even assuming Mr. Heiden's suspicions were justified  certainly not determinable from the limited record before us  such an incidental cost would be only remotely the result of Ahnen's criminal activity, and not reasonably foreseeable by Ahnen.
The remainder of the restitution award, some of which is not disputed on appeal, is supported by the evidence and applicable case law and therefore affirmed. We remand this case to the circuit court with instructions to modify its order consistent with this opinion.
Reversed.
RYDER, A.C.J., and DANAHY and ALTENBERND, JJ., concur.