595 So.2d 223 (1992)
Randy Harold POWELL, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1355.
District Court of Appeal of Florida, First District.
March 2, 1992.
Rehearing Denied April 8, 1992.
*224 Nancy A. Daniels, Public Defender, and Carol Ann Turner, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Charlie McCoy, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Chief Judge.
Appellant challenges the restitution order entered against him after he pled nolo contendere to grand theft of building supplies. Specifically, appellant contends he was ordered to pay restitution for items unrelated to the crime charged, and that he was improperly assessed interest on the total amount of restitution, where the restitution order had not been reduced to a civil judgment. We affirm in part, and reverse in part.
At the restitution hearing, the trial court indicated that the restitution would be ordered for more than just the charged offense. Appellant's counsel objected, urging that restitution should be limited to the specific grand theft charge. Appellant's employer sought restitution in the amounts of (1) $1,347.75, representing charges submitted by private investigators; (2) $721.84, representing costs of management employee time spent in the investigation; (3) $422.94, representing costs of Corbin locks installed at a bar owned by appellant's brother-in-law; and (4) $36.00, representing value of damaged items recovered from appellant's home. When the trial court announced the intention to order the full amount of restitution claimed, plus interest, appellant's counsel objected to restitution for the costs of investigation and the equipment installed at the bar.
We agree that it was error to include the costs of investigation in the restitution order. Although the restitution statute contemplates payment of restitution "to the victim for damage or loss caused directly or indirectly by the defendant's offense," see § 775.089(1)(a), Fla. Stat. (1989), the restitution order cannot require payment in excess of the damages caused by the defendant's criminal conduct. Fresneda v. State, 347 So.2d 1021, 1022 (Fla. 1977); Mansingh v. State, 588 So.2d 636 (Fla. 1st DCA 1991).
Restitution should be determined on the basis of the test formulated in State v. Williams, 520 So.2d 276, 277 (Fla. 1988), and enunciated in O'Steen v. State, 547 So.2d 235, 237 (Fla. 1st DCA 1989):

*225 (1) Was the damage or loss for which restitution is ordered caused directly or indirectly by the defendant's offense?
(2) Is there a significant relationship between the damage to the victim and the crime proved?
Mansingh is somewhat analogous to this case, in that Mansingh pled guilty to one count of third degree grand theft of stereo equipment, camera, lens, camera case, binoculars, compact discs, and cassette tapes. However, the restitution amount included sums attributable to items he was not charged with stealing and which were not found in his possession, and to damages incurred in the burglary of the victim's home  an offense with which he was not charged. The court held that since there was no evidence linking Mansingh to any of the stolen items that were not recovered, and since he had not been charged with theft of those items, it could not be said that the damage which occurred during the burglary or the losses from unrecovered items, were caused directly or indirectly by Mansingh's offense. Therefore, the portions of the restitution order relating to items Mansingh was not charged with stealing were reversed. Accord State v. Williams, 520 So.2d at 276; Denson v. State, 556 So.2d 823 (Fla. 1st DCA), review dismissed, 562 So.2d 347 (Fla. 1990); O'Conner v. State, 587 So.2d 596 (Fla. 2d DCA 1991). See also Barkley v. State, 585 So.2d 418 (Fla. 1st DCA 1991); Smith v. State, 590 So.2d 1112 (Fla. 2d DCA 1991).
In Ahnen v. State, 565 So.2d 855 (Fla. 2d DCA 1990), in circumstances similar to those in this case, the victim hired a private investigator to locate his stolen property, because he believed the sheriff's office had suppressed evidence and concealed information. The court held the defendant could not be ordered to reimburse the victim for the private investigator's fee, because the incidental cost of a private investigator would be only remotely the result of the defendant's criminal activity, and not reasonably foreseeable by him. In this case, appellant's employer contacted the police about losses from his store, which apparently occurred over a period of time. Because police indicated that discovery of the wrongdoer would be difficult, the victim hired a firm of private investigators. A private investigator videotaped appellant transferring materials from the company truck to his pick-up truck, and covering them with a tarpaulin. Subsequently, appellant was confronted, acknowledged guilt, and all the items which he was charged with stealing were recovered.
Restitution for the incidental costs incurred for the private investigator and the internal investigation in this case contemplate reimbursement for damages in excess of those caused by the convicted offense. Although the loss contemplated by a restitution order "need not be directly encompassed within the legal elements of an offense," the evidence must establish a significant causal relationship between the loss and the convicted offense. Denson v. State, 556 So.2d 823 (Fla. 1st DCA), review denied, 562 So.2d 347 (Fla. 1990). Once the employer decided to hire a private investigator, he was obligated to pay the costs of the investigation  and those costs would have attached even if appellant had not been discovered loading company materials in his own truck. See State v. Williams, 520 So.2d at 277 (appellant's offense of leaving the scene of an accident did not cause the damages incurred by the victim).
Although we agree that restitution cannot be ordered for the investigative costs, we reject appellant's challenge to payment of interest. There is no express provision in section 775.089 for interest on restitution. Nevertheless, appellant expressly offered to pay interest on the restitution ordered. Therefore, he is precluded from asserting error in this regard.
Accordingly, those portions of the restitution order assessing payment for investigative costs, for the private investigative firm and for the internal investigation, are stricken. In all other respects, the restitution order is affirmed.
ERVIN and ALLEN, JJ., concur.