STONE, Judge.
We reverse appellant’s sentence and remand for modification of the restitution provisions in the order of probation as to the amount of the payment due to two of the numerous victims.
The appellant pled guilty to multiple counts of grand theft involving claims of fraud and misappropriation of funds arising out of contracts for the construction and sale of homes by appellant’s company. The trial court held an evidentiary hearing prior to sentencing at which it determined the amount of restitution appellant owed each victim.
We appreciate the difficulty encountered by the trial court in sorting through the sometimes ambiguous, duplicative, and questionable admissions, claims, and figures in this evidence. We also recognize that the degree of proof normally introduced in a restitution hearing will not be as extensive as in a civil trial. Nevertheless, error does appear upon the face of this record as to the amounts appellant owed victims Jill Harrison and Mr. and Mrs. Tul-loch. There is no error as to the amounts deemed payable to the other victims.
The state had the burden of demonstrating, by a preponderance of the evidence, that the victims’ claims were directly or indirectly caused by the commission of the offense in question. State v. *862 Williams, 520 So.2d 276 (Fla.1988); Fresneda v. State, 347 So.2d 1021 (Fla.1977); § 775.089, Fla.Stat. (1989).
As for the sum due to Jill Harrison, the evidence did not show that Ms. Harrison’s increased mortgage and rental expense were caused by appellant’s crime. However, we do find record support for $71,-683.75 of the $82,249.45 payment ordered. Upon remand, the sum payable is to be reduced by the difference accordingly.
As for the Tullochs’ claims, several adjustments must be made in the amount payable: (1) the $350.00 paid for electrical fixtures should be deducted, as the contract expressly provided that appellant was not required to provide electrical fixtures; (2) $300.00 should be deducted, since such amount exceeded the contract’s allowance for a water softener; (3) $3,000.00 which appellant charged for anticipated landfill, but did not result in any expense to appellant, should be deducted, since the record does not reflect that the Tullochs incurred an additional expense by having to purchase landfill; and (4) $5,000.00 in additional mortgaging expense and $2,085.00 in rent incurred should be deducted, since such amounts did not result from appellant’s theft. On remand, those sums, totaling $10,735.00, should be deducted from the Tullochs’ restitution award. Upon motion, the trial court should resolve as a fact whether a $9,361.02 credit remains in escrow with the title company. If that sum was not paid to, or for, the defendant, it is not a loss resulting from appellant’s theft, and should be deducted from the amount payable to the Tullochs.
In all other respects, the sentence is affirmed. We remand for modification of the probation order accordingly.
DELL and WARNER, JJ., concur.