603 So.2d 1329 (1992)
William Boy HODGE, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1100.
District Court of Appeal of Florida, Fourth District.
August 12, 1992.
Robert E. Stone of Sullivan, Stone, Sullivan, LaJoie & Thacker, Fort Pierce, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Dawn S. Wynn, Asst. Atty. Gen., West Palm Beach, for appellee.
*1330 OWEN, WILLIAM C., Jr., Senior Judge.
The issue on this appeal from an order of restitution is whether compensation may be allowed for the victim's time and expenses reasonably incurred in investigating and determining the extent of the loss or damage caused by the offense. We conclude under the facts of this case that it may, but reverse the order for redetermination of the amount and of the person to whom or entity to which restitution is properly due.
Appellant was authorized to draw checks against the bank account of Carroll Fulmer[1] to pay truck drivers who hauled fruit brokered by Mr. Fulmer. Appellant drew a number of checks against the account but instead of paying the truckers he deposited the checks into his own account. This operation came to light after a number of irate truckers called Mr. Fulmer demanding to know when they would be paid.
At the restitution hearing, Mr. Fulmer testified to the number of hours that he, his wife, his son, his accountant, and two members of his office staff had worked, and as to the expense he had incurred, in order to (1) make certain that all truckers who had hauled fruit for him were paid so as to protect his business reputation, and (2) determine and document the extent of the loss in the detail necessary for him to be indemnified under an employee fidelity bond. Except for the office staff (who had worked only during regular hours and had received their regular wages), none of the persons conducting this investigation had been paid for their time. The order of restitution, in addition to directing an amount to be paid to Mr. Fulmer for the anticipated increase in his bond premium over the next ten years, specified an amount to be paid to Mr. Fulmer for his expenses, and specified an amount to be paid to each of the six individuals (including the already compensated staff members) who spent time in the investigation. Only that part of the restitution order compensating for the time and expense incurred is challenged.
Section 775.089(1)(a), Florida Statutes (1991), requires restitution to the victim for damage or loss caused directly or indirectly by the offense, unless the court finds clear and compelling reasons not to order such restitution. While section 775.089(1)(c), Florida Statutes (1991), provides that the term "victim" includes the aggrieved party (and others not relevant here), the statute does not limit the scope of the term. Nonetheless, we think it clear from this record that the "victim" of appellant's offense could be either Carroll Fulmer or his company, but none of the others. Restitution should be restricted to the victim.
The amount appellant stole was, of course, a direct loss[2] and the increased bond premium which the victim will incur as a consequence of appellant's offense is an indirect loss.[3] As to the reasonable value of the time necessarily spent and the costs necessarily incurred by the victim in order to determine and document the extent of the loss as required by the bonding company, we have no difficulty in concluding that such is likewise a loss caused at least indirectly, if not directly, by the appellant's offense. There is a significant relationship between that loss and the crime, State v. Williams, 520 So.2d 276 (Fla. 1988), and we think it would be illogical to conclude otherwise.
In Ahnen v. State, 565 So.2d 855 (Fla. 2d DCA 1990), and Powell v. State, 595 So.2d 223 (Fla. 1st DCA 1992), investigative costs incurred by the victim were held not to be a loss caused by the offense, and thus not proper for restitution. We think those cases, in which the investigations were ordered at the whim of the victims, rather *1331 than out of necessity, are distinguishable from this case.[4] Here, the extent of the loss was neither readily apparent nor provable and the investigation was required in order for the victim to sufficiently document the claim for indemnification under the fidelity bond.
Upon remand the trial court shall again determine the amount of restitution, which shall be limited to the amounts not challenged here plus such amount as the court finds from the evidence is the reasonable value of the time necessarily spent and expense necessarily and reasonably incurred by the victim in investigating the extent of the loss caused by the appellant's offense. The trial court may make that determination from the record of the prior hearing, or in its discretion may re-open the matter for such additional evidence as the state and the appellant wish to present.
REVERSED AND REMANDED for further proceedings not inconsistent herewith.
LETTS, J., and ALDERMAN, JAMES E., Senior Justice, concur.
NOTES
[1] The record is not clear whether the currency was the property of Carol (sic) Fulmer & Company, Inc., as charged in the information, or the property of Carroll Fulmer, individually. The State and appellant, both at the restitution hearing and in their respective briefs, treat Carroll Fulmer, individually, as the victim. We will likewise.
[2] That amount is not involved here because the victim was indemnified by the surety and appellant has made separate arrangements for restitution to the surety.
[3] That amount is likewise not in issue here.
[4] The facts stated in the opinions in the Ahnen and Powell cases are abbreviated and we draw this distinction more on what we surmise than what is explicated in them. To the extent there is no valid distinction between those cases and this case, we are simply in disagreement as to what loss or damage is "indirectly" caused by the defendant's offense. We would, in any event, question these cases because they imply, if not hold, that (1) the damages must be such as were reasonably foreseeable (the test of causation relating to breach of contract damages), and (2) the element of causation is likened to the proximate causation requirement in tort (which is generally limited to damages caused directly by the tort), standards more restrictive than the clear language of Section 775.089(1)(a), Fla. Stat. (1991).