PER CURIAM.
We affirm appellant’s convictions but reverse and remand on two sentencing issues.
The appellant was convicted of Count I, driving under the influence with damage to the person or property of another, and of Count II, leaving the scene of an accident with death or personal injury. The trial court ordered restitution for the damages caused by the accident but attached the restitution provision to the sentence for leaving the scene of an accident. We construe State v. Williams, 520 So.2d 276 (Fla.1988), as holding that such damages may not be ordered as restitution incidental to a conviction for leaving the scene of an accident, since such damages are not causally related to that offense. However, since appellant was convicted of driving under the influence causing injury, a charge that is related to the damages in question, we remand with directions that the restitution provision be changed to reflect that it is part of the sentence for that charge.
We also agree with appellant that there is a discrepancy between the oral sentence pronounced in open court on Count I and the written sentence thereafter entered. On this issue we remand with directions that the written sentence be changed to conform to the oral pronouncements contained in the transcript of the sentencing hearing.
Accordingly, we affirm appellant’s convictions but remand with directions that appellant's sentence be corrected in accord herewith.
ANSTEAD and WARNER, JJ., and OWEN, WILLIAM C. JR., Senior Judge, concur.