616 So.2d 1215 (1993)
Christopher S. OSTEEN and Charles M. Skeen, Appellants,
v.
STATE of Florida, Appellee.
No. 92-451.
District Court of Appeal of Florida, Fifth District.
April 23, 1993.
*1216 James B. Gibson, Public Defender, and Kenneth Witts, Asst. Public Defender, Daytona Beach, for appellants.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Nancy Ryan, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
This is an appeal from orders imposing restitution.
Appellants, Christopher Osteen and Charles Skeen, were charged by information with burglary of a structure and grand theft. They entered pleas of nolo contendere to the offenses. The trial court placed them on probation for five years for the burglary offenses and gave them time served for the theft offenses. They were also ordered to pay the victim, Bob Eycleshimer, restitution as a condition of their probation. Defense counsel objected to the court's imposition of restitution at the sentencing hearing. He again objected to the inclusion of Eycleshimer's loss of business expenses as restitution at the restitution hearing. He argued that appellee was required to show a significant connection between Eycleshimer's loss and the crimes committed. The trial court rejected defense counsel's argument and entered an order requiring each appellant to pay $6,048.50 in restitution.
Appellants contend on appeal that the trial court erred by imposing restitution for Eycleshimer's loss of business resulting from the burglaries and thefts. They contend that Eycleshimer failed to prove his loss of business expenses with any degree of certainty at the restitution hearing. They concede that he is entitled to restitution for the value of the property taken and not returned. They rely upon Self v. State, 458 So.2d 1222 (Fla. 1st DCA 1984) in which the court affirmed a restitution award for lost wages incurred by the victim of the crime involved. The court does not say what type of crime was committed, however. Moreover, the case supports appellee's position in the present case rather than that of appellants.
Appellants also rely upon Ahnen v. State, 565 So.2d 855 (Fla. 2d DCA 1990) in which the court reversed an award of restitution for the amount a theft victim paid to a private investigator to locate his missing property. Relying upon section 775.089(1), Florida Statutes (1987) and upon State v. Williams, 520 So.2d 276 (Fla. 1988), the court held that there must be a significant connection between the crime committed and the damages sustained by the victim in addition to proof that the defendant's behavior directly or indirectly caused the loss. The court likened the element of causation to the proximate causation required in tort between a tortious act and the resulting damage.
The Ahnen court also compared its case to Arling v. State, 559 So.2d 1274 (Fla. 2d DCA 1990) in which it approved a restitution award for attorney's fees incurred by a theft victim to prove that he was the lawful owner of stolen goods and to Cliburn v. State, 510 So.2d 1155 (Fla. 3d DCA *1217 1987) in which the court reversed a restitution award for those travel expenses incurred by a burglary victim when returning home to inspect the damage to her property. The Ahnen court reasoned that the attorney's fees in Arling were reasonably foreseeable to the defendant whereas the travel expenses in Cliburn were not sufficiently foreseeable to merit reimbursement.
Appellee in the present case contends in response that the trial court's restitution orders are supported by appellants' presentence investigation reports. The reports show that Eycleshimer reported to the investigating officer that he suffered a loss of $3,097.70 for the items taken and a loss of between $8-10,000 for lost business. This includes $1,000 spent to alter an existing burglar alarm system, $1,700 for new windows, $300 for materials, $300 for lights, $200 for a light pole, $8,000 to seal the building and $1,092.50 in labor. The author of the PSI recommends that appellants pay $3,097.70 for the items taken, $8,000 for loss of business and $1,000 to remodify the burglar alarm system for a total cost of $12,097.70. Appellee concludes that the restitution ordered in this case does not exceed Eycleshimer's expenses proximately caused by the theft.
We agree with appellants that the restitution orders in this case should be reversed. Section 775.089, Florida Statutes (1991) provides in part:
775.089 Restitution. 
(1)(a) In addition to any punishment, the court shall order the defendant to make restitution to the victim for damage or loss caused directly or indirectly by the defendant's offense, unless it finds clear and compelling reasons not to order such restitution. Restitution may be monetary or nonmonetary restitution. The court shall make the payment of restitution a condition to probation in accordance with s. 948.03.
* * * * * *
(6) The court, in determining whether to order restitution and the amount of such restitution, shall consider the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the present and potential future financial needs and earning ability of the defendant and his dependents, and such other factors which it deems appropriate.
(7) Any dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence. The burden of demonstrating the amount of the loss sustained by a victim as a result of the offense is on the state attorney. The burden of demonstrating the present financial resources and the absence of potential future financial resources of the defendant and the financial needs of the defendant and his dependents is on the defendant. The burden of demonstrating such other matters as the court deems appropriate is upon the party designated by the court as justice requires.
Notably, the victim of a crime may be awarded income lost as a result of the offense if he or she has sustained bodily injury. Section 775.089(2)(c), Fla. Stat. (1991). Because the legislature has included lost income in this latter instance but has failed to include lost income incurred as a result of an offense where the victim has not sustained bodily injury, the maxim expressio unius est exclusio alterius is applicable to exclude loss of business expenses incurred by Eycleshimer in the present case.
There are no appellate decisions which directly address the issue of whether restitution may include a loss of business income. In Garrison v. State, 553 So.2d 1377 (Fla. 2d DCA 1989), the court affirmed the trial court's award of restitution to a theft victim of the retail value of thirteen portable trenching machines. The defendant argued on appeal that the trial court's award of the retail versus the wholesale value of the machines was tantamount to an award of lost profits or consequential damages arising from the theft. While the court deemed it unnecessary to address the issue of whether restitution may include an award of lost profits or consequential damages, it found that the *1218 property's fair market value at the time of the theft is a well established measure of restitution. As the trial court's award did not exceed the measure of damages available to a victim in a civil suit, the district court affirmed the trial court's award.
Additionally, in Hodge v. State, 603 So.2d 1329 (Fla. 4th DCA 1992), the court held that a theft victim was entitled to recover the reasonable value of the time necessarily spent and the costs necessarily incurred in documenting the extent of his losses suffered, as required by his bonding company. The court found a significant relationship between the victim's loss and the defendant's crime. It distinguished the facts of its case from those in Ahnen by the fact that the investigations in Ahnen were ordered at the victims' whims rather than by necessity as in its own case. Because the extent of the loss in Hodge was neither apparent nor provable for indemnification purposes without the investigation, the court concluded that the investigation expenses could properly be awarded in addition to an award to the victim for the anticipated increase in his bond premium over the next ten years.
Although the above decisions are not directly on point, they are discussed to show the proximate cause analysis used by the district courts in resolving whether a restitution award is a direct or an indirect cause of a criminal offense. As the Ahnen court held, the restitution awarded must be based upon a significant relationship between the crime committed and the damages sustained by the victim and upon proof that the defendant's conduct directly or indirectly caused the loss. Based on this reasoning, we conclude that restitution may not be awarded for loss of business expenses in this case because the measure of damages is speculative and difficult to prove. On remand, the trial judge is directed to enter orders of restitution in the amount of $3,017.70 based on the property loss statement which Eycleshimer presented at the restitution hearing.
The trial court's reliance upon the presentence investigation reports in this case was also erroneous. In Smith v. State, 589 So.2d 387 (Fla. 1st DCA 1991), the court held that the trial court's delegation to the Department of Corrections of the responsibility to determine an amount for regular restitution payments to the aggrieved party was ineffectual. Similarly, the trial court's delegation to the Department of Corrections of the responsibility for determining the amount of restitution in this case was improper.
SENTENCE VACATED IN PART and REMANDED FOR CORRECTION.
DIAMANTIS, J., concurs.
GRIFFIN, J., concurs specially with opinion.
GRIFFIN, Judge, concurring specially.
I concur because there was no substantial competent evidence introduced at the restitution hearing to prove the fact or amount of lost business caused by the theft.