PARKER, Judge.
Jeffrey Dickson (Dickson) appeals both the order of restitution and the amount of restitution imposed in this interference with custody case. We affirm the amount of restitution but reverse and remand for a hearing on Dickson’s ability to pay restitution.
Dickson entered a nolo contendere plea to interference with the custody of his nephew. The mother of the victim testified that she employed an investigator to locate her son after Dickson took her son out of Florida. She employed the investigator because the San Diego police told her that they could not look for “every single missing kid.” When the investigator located the son in San Diego, the mother supplied the San Diego police with his location, at which time the police recovered the child.
Dickson argues that the investigation fees should not be awarded as restitution. We disagree because section 775.-089(l)(a), Florida Statutes (1989) provides for restitution to the victim for “damage or loss caused directly or indirectly by the defendant’s offense.”
*180 Dickson relies on this court’s decision in Ahnen v. State, 565 So.2d 855 (Fla. 2d DCA 1990) in which the court reversed an award of restitution for the amount a theft victim paid to a private investigator to locate his missing property. In Ahnen, this court concluded that there must be a significant connection between the crime committed and the damages sustained, plus proof that the defendant’s act directly or indirectly caused the loss. Ahnen, 565 So.2d at 855. The court compared the element of causation to the proximate causation required in tort.
Under Ahnen, the issue is whether the damages are reasonably foreseeable to the defendant. In the instant case, it is reasonably foreseeable that the mother would use any available method for locating her son, including hiring a private investigator. Dickson’s argument that the mother should have allowed the police to locate her son is without merit. The police, overwhelmed with the number of missing children and runaways, gave the mother no hope of locating her son. This problem was compounded by the fact that the child was removed from Florida, making it even more difficult to locate the child.
However, the trial court did err by not determining whether Dickson had the ability to pay. Dickson is on probation in Ohio for grand theft. He is insolvent and was unable to attend the restitution hearing. The public defender stated, “I question Dickson’s financial ability to pay.” He then explained that Dickson owed $3200 restitution for the grand theft charge in Ohio, $50 per month for the public defender’s lien, and $65 for extradition. Dickson earns $744 per month. The court responded, “Well, I’m going to let probation worry about it.”
The determination of the defendant’s ability to pay is a nondelegable judicial responsibility. Fletcher v. State, 405 So.2d 748 (Fla. 2d DCA 1981). Section 775.089(7), Florida Statutes (1989) places the burden of demonstrating the inability to pay on the defendant. Once the defendant shows that he does not have the ability to pay, the court must make a determination and cannot place this duty on probation.
The order of restitution is reversed and remanded with directions, that the trial court give Dickson an opportunity to demonstrate his financial circumstances, and then the court shall determine in accordance with section 775.089(6) whether Dickson has the ability to pay before ordering restitution.
DANAHY, A.C.J., and BLUE, J., concur.