PER CURIAM.
This case is before us on minor J.M.G.’s appeal of the trial court’s order to pay restitution damages resulting from burglaries perpetrated by J.M.G. and his accomplices. We affirm in part, reverse in part, and remand for further proceedings.
This case began on or about October 1, 1991, when juvenile G.L. broke into the storage shed of a motorcycle repair shop and removed three motorcycles. During the next week, G.L. and appellant J.M.G. worked on two of the motorcycles to get them running. They were able to start only one motorcycle, which they eventually rode around the area. The following week, G.L., J.M.G. and another minor, S.K., broke into the same storage shed and removed two more motorcycles. Neither of these motorcycles would start.
The three youths were subsequently arrested for the thefts. J.M.G. was charged with one count of burglary and one count of grand theft of a motor vehicle, to wit: the motorcycle of Cathy Nimeth. At the arraignment of the juveniles, the prosecutor informed the judge that the amount of restitution due for each damaged motorcycle and the partially damaged storage shed was in dispute. J.M.G. then entered a plea of guilty to the grand theft charge. In exchange, the state nolle prossed the burglary charge. The court then set a restitution and sentencing hearing.
*1082 At the restitution hearing, the prosecution presented evidence of the damages incurred on four of the five motorcycles stolen and the storage shed. Cathy Nimeth’s motorcycle had no damage for purposes of restitution. J.M.G. and his eodefendants then cross-examined the State’s witnesses on the values and conditions of the items damaged. J.M.G.’s counsel argued in closing that some restitution values were inflated and that J.M.G. should only be responsible for damages to the motorcycle he rode and the two motorcycles he helped steal.
Following the hearing, the court adjudicated J.M.G. delinquent on the grand theft charge and ordered him to make restitution jointly and severally with G.L. and S.K. for all the damaged motorcycles[1] and the damage to the storage shed. J.M.G. moved for rehearing, arguing that there were two separate burglaries, and J.M.G. should not be responsible for damage to the storage shed or the motorcycles taken in the first burglary. The trial court partially agreed and ordered that J.M.G.’s share of restitution for the storage shed be reduced from 33 percent to 25 percent. However, the trial court denied any relief as to restitution for the motorcycles. J.M.G. appealed.
J.M.G. argues on appeal that when he entered a plea of guilty to the grand theft count pursuant to plea negotiations, there was no agreement or discussion between the State and J.M.G. for payment of restitution as to the burglary charge. As a result, J.M.G. was erroneously ordered to pay restitution pertaining to the burglary charge, a charge upon which he was not adjudicated delinquent. In addition, J.M.G. was also improperly ordered to make restitution on motorcycles that he was not charged with stealing.
The State argues that these issues were not raised before the trial court and thus, were not properly preserved for appellate review. Further, the State argues that J.M.G. negotiated and took full advantage of the plea agreement with full knowledge that the State intended to seek restitution for damages. Therefore, J.M.G. waived any claim that restitution was improper.
First, we address the preservation issue raised by the State. According to the recent case of L.A.D. v. State, 616 So.2d 106 (Fla. 1st DCA 1993), an order directing restitution is considered a sentencing error rather than a trial error and, as such, does not require a contemporaneous objection. Thus, irrespective of any objection below, we may address the merits of J.M.G.’s appeal.
Section 39.054(1)©, Florida Statutes (1991), provides the court with the power to order a child to make restitution for any loss or damage caused by the child’s offense. In interpreting this statute, the court has looked to decisions construing the similarly-worded statutory counterpart for adult offenders, section 775.089(l)(a), Florida Statutes. Section 775.089(l)(a), Florida Statutes (1991), states in part, that a defendant shall “make restitution to the victim for damage or loss caused directly or indirectly by the defendant’s offense.” See State v. Williams, 520 So.2d 276 (Fla.1988). It follows that there must be a causal or significant relationship between the offense for which the child was adjudicated delinquent and the amount of damages or loss directed to be reimbursed to the victim. L.A.D. v. State, 616 So.2d 106, 108 (Fla. 1st DCA 1993); see also, Powell v. State, 595 So.2d 223 (Fla. 1st DCA 1992). Here, J.M.G. was adjudicated delinquent for the theft of Cathy Nimeth’s motorcycle. We find that there is a direct causal relationship between the damage to the storage shed and the theft of Ms. Nimeth’s motorcycle. J.M.G. could not have accessed and stolen the motorcycle without destroying part of the shed. Therefore, the restitution order pertaining to the storage shed was proper and is affirmed. Conversely, we find that there is no relationship between the theft of Ms. Nimeth’s motorcycle and the damage to the other motorcycles. Thus, the restitution order pertaining to the motorcycles would appear to be improper.
However, this does not end our analysis. This court has previously held that a defendant may not argue on appeal that a restitution order was impermissible where the resti *1083 tution imposed was part of a negotiated plea agreement. G.H. v. State, 414 So.2d 1135 (Fla. 1st DCA 1982). In G.H., the court could not determine from the record whether the conditions of restitution were part of the negotiated plea. Therefore, the court was forced to remand for such a determination. We are compelled to do the same in this case, because it is not clear from the record exactly what role restitution played in the plea agreement. The conflicting arguments of counsel both in the briefs and at oral argument serve to reinforce our uncertainty regarding restitution’s role in the negotiations. We follow G.H. v. State, 414 So.2d at 1137, holding:
Therefore, in an abundance of caution, we remand this cause for a determination by the trial court as to whether such a deal was, in fact, made. If it was, the condition of restitution shall stand. If the trial court finds that no such deal was made, the condition of restitution shall be stricken.
Accordingly, the trial court’s order is affirmed in part and reversed and remanded in part for further determination consistent with this opinion.[2]
BOOTH, BARFIELD and ALLEN, JJ., concur.

. Cathy Nimeth's motorcycle was not included in the order.

. The State’s counsel at oral argument contended that if we were to reverse, J.M.G. should be allowed to withdraw his plea so that the State could reinstate the charges. See Forbert v. State, 437 So.2d 1079 (Fla.1983). We do not think that Forbert applies under the facts of this case.