632 So.2d 678 (1994)
Sally MAYER, Appellant,
v.
STATE of Florida, Appellee.
No. 92-2353.
District Court of Appeal of Florida, Fifth District.
February 25, 1994.
James B. Gibson, Public Defender, and Susan A. Fagan, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Myra J. Fried, Asst. Atty. Gen., Daytona Beach, for appellee.
W. SHARP, Judge.
Mayer appeals from an order of restitution in a criminal case, imposed on her after she pled nolo contendere to three counts of dealing in stolen property.[1] She had been additionally charged with three counts of grand theft[2] but was allowed to plead to the lesser included offense. She argues the trial court erred by including in the restitution order of $5,976.07, the sum of $2,500. Mayer's employer expended that *679 sum to pay for having a special audit (performed by accountants) to determine how much money Mayer took from the business, and how it was accomplished. We affirm in part.
We think this case is similar to Hodge v. State, 603 So.2d 1329 (Fla. 4th DCA 1992). In that case, the defendant was convicted of theft and the employer's fidelity bond premium was increased. The increase was held to be an indirect loss from the theft, and the proper subject of a restitution order. In addition, the time spent and the cost necessary to determine and document the extent of the monetary loss, as required by the fidelity bonding company, was held to be recoverable in restitution.
Restitution is provided for by section 775.089(1). It provides that the court:
Shall order ... restitution ... caused directly or indirectly by the defendant's offense.
Interpreting this statute, the Florida Supreme Court has held that injuries compensed for by restitution must bear a significant relationship to the offense charged. State v. Williams, 520 So.2d 276 (Fla. 1988). See also Bayer v. State, 597 So.2d 870 (Fla. 5th DCA 1992); Peralta v. State, 596 So.2d 1220 (Fla. 5th DCA 1992). In Williams, a defendant was convicted of leaving the scene of an accident with personal injuries. The supreme court held that Williams' probation could not be conditioned on paying damages which arose out of the accident, because they were not caused (directly or indirectly) by the offense for which she was convicted. The court noted that the significant relationship test does not replace the statute's causal relationship requirement. It is in addition to it.
In Powell v. State, 595 So.2d 223 (Fla. 1st DCA), rev. denied, 601 So.2d 553 (Fla. 1992), the court found no causal relationship between the criminal offense and the restitution ordered. The court said that the damage or loss must be caused directly or indirectly by the defendant's convicted offense, and whether there was a significant relationship between the damage and the crime must also be shown. In Hodge the supreme court held that the damages ordered in restitution must be foreseeable and the court likened causation to proximate cause (i.e., damage caused directly by the wrong).
In this case, Mayer's employer spent $2,500 on an audit to determine the extent of the loss. There was no other way in which to determine the amount of the loss. It was foreseeable that a business employer, such as Mayer's, would need an accountant to go through its books to determine the amount of money stolen.
This information was also required so that the state would know how to properly charge Mayer with the appropriate degree of theft. Additionally, if the employer were insured for the loss, proof of the amount would be necessary for it to recover insurance proceeds. We conclude there was a significant relationship between the expense or loss and the criminal act. Without Mayer's criminal act, there would have been no need for an audit of the books to determine the extent of the theft.
However, the specific offense for which Mayer was convicted is relevant because the rule states that restitution must be linked to the offense for which the defendant is convicted. Williams. Here, Mayer was convicted of section 812.019(1).[3] That section reads:
A person who traffics in, or endeavors to traffic in, property that he knows or should know was stolen shall be guilty of a felony in the second degree....
In this case, Mayer embezzled her employer's money through a check writing scheme. Apparently the "stolen property" dealt in was the checks she unlawfully issued on her employer's account. The writing of the checks, and the sale of the checks, were the means by which Mayer stole funds from her employer. Thus, it was proper to include *680 expenses for the audit in the restitution order because the "dealing" was an integral part of Mayer's theft scheme. Permitting Mayer to plead to the lesser included offense of dealing in stolen property makes no material difference.
We agree with Mayer, however, that the lower court erroneously delegated to the probation officer the duty of formulating a payment schedule. See Ashe v. State, 582 So.2d 759 (Fla. 1st DCA 1991); § 775.089(3)(a) and (c), Fla. Stat. (1991). That portion of the order should be reversed.
AFFIRMED in part, REVERSED in part, REMANDED.
HARRIS, C.J., and THOMPSON, J., concur.
NOTES
[1] § 812.019, Fla. Stat. (1989).
[2] § 812.014, Fla. Stat. (1989).
[3] The judgment contained in the record does not specifically provide that Mayer was convicted of subsection (1). However, the only other subsection in the statute, subsection (2), provides for a felony of the first degree and the judgment indicates Mayer was convicted of a felony in the second degree. Thus, by process of elimination, Mayer must have been convicted of section 812.019(1).