THOMPSON, Judge,
concurring in part, dissenting in part.
I am in accord with the court’s opinion except as to restitution. I agree with the court’s statement of facts and I agree that *1140 the case is controlled by State v. Williams, 520 So.2d 276 (Fla.1988). I disagree that Williams dictates that restitution cannot be supported by the facts presented. The court’s opinion interprets Williams too narrowly. I supplement the court’s rendition of the facts to support my interpretation of Williams.
The court holds that there was not a sufficient nexus between leaving the scene of an accident with injury and the injury to the victim for which compensation by restitution was appropriate. I disagree. The victim was a passenger on Longshore’s motorcycle and received his injuries as a result of Long-shore’s driving and his leaving the scene of the accident. This accident involved one vehicle, Longshore’s motorcycle. The victim and Longshore were the only two persons injured and both were transported to Halifax Hospital in Daytona Beach. There is no doubt that there was a causal relationship as well as a significant relationship between the victim’s injuries and Longshore’s driving. There is no doubt that Longshore’s operation of the motorcycle caused injury to the victim and, I would hold, supports restitution. Williams, 520 So.2d at 277; § 775.089(l)(b)2, Fla.Stat. (1993).
William M. Longshore entered a written plea to failing to stop at an accident scene resulting in personal injury[1] in return for the state not filing charges of driving under the influence of alcohol or a controlled substance.[2] At the time of his arrest, Long-shore was also charged with running a red light[3] and careless driving.[4] Both of these charges are civil traffic infractions.
Had Longshore entered a plea to the DUI charge, he could have been required to pay restitution because the victim’s injuries were caused directly or indirectly by the criminal offense of DUI. See § 775.089(l)(a), Fla. Stat. (1993). The state could have negotiated for Longshore to pay the restitution as part of the plea agreement, even though the charge of DUI was dismissed.[5] Unfortunately, the state did not include restitution for the victim’s injuries as part of the plea even though permitted by statute. Rather than penalize the victim, I would allow the judge’s findings and order to stand.
This court’s opinion draws a bright line between injuries “caused or exacerbated by Longshore’s flight on foot from the scene after the accident” and injuries that “preceded the commission of the offense.” This court holds that the victim’s injuries which preceded the offense of leaving the scene with injuries cannot be compensated by restitution. As I read Williams, this holding is too narrow. 505 So.2d 478 (Fla. 2d DCA 1987).
Williams was an appeal from a holding by the second district court of appeal wherein the court struck restitution as a condition of probation because the defendant was deprived of due process by the- imposition of restitution. The defendant was required to pay for damages or a judgment that might be incurred by her boss without her participating in a lawsuit or hearing to determine liability and the amount of damages. Id. The supreme court affirmed the decision of the second district and stated:
Here there had been no determination that Williams caused the damages. It is clear that they were not caused by her leaving the scene of an accident. The only damages for which Williams may be ordered to pay restitution are those caused directly or indirectly by the act of leaving the scene of an accident. (Emphasis supplied).
Id. at 478.
In this case, Longshore was afforded a hearing and did not contest that the restitution amount for injuries that occurred as a result of the accident. At the hearing, the victim testified that all of his injuries were *1141 caused by the accident. The initial visit to the hospital and subsequent visits were the result of Longshore’s accident. There were no intervening causes and no pre-existing injury was aggravated. Longshore was afforded due process.
Longshore’s behavior in the ease sub judi-ce reminds me of a parable often told by trial lawyers. In the parable, a criminal defendant killed his mother and father. He was apprehended, charged and convicted of the crimes. At his sentencing, he threw himself on the mercy of the court because he was an orphan. Longshore caused the accident that resulted in the injuries yet he argues, in essence, he was allowed to plea to the wrong-charge, therefore, the victim can not get restitution.
I would hold that the injuries were “caused directly or indirectly by the defendant’s offense” of leaving the scene of an accident with injuries. See § 775.089(l)(a), Fla.Stat. (1993). I would affirm the imposition of restitution as a condition of probation. For these reasons, I dissent.

. § 316.027(l)(a), Fla.Stat. (1993).

. § 316.193, Fla.Stat (1993).

. § 316.074, Fla.Stat. (1993).

. § 316.1925, Fla.Stat. (1993).

.See section 775.089(l)(b)2, which reads in part:
A plea agreement may contain provisions that order restitution relating to criminal offensés committed by the defendant to which the defendant did not specifically enter a plea.
§ 775.089(l)(b)2, Fla.Stat. (1993).