STEVENSON, Judge.
Appellant, Eric Glaubius, pled no contest to a charge of grand theft of merchandise and cash from his employer, Beall’s Outlet. The trial court placed Glaubius on probation for three years and ordered restitution. The issue which we write to address in this appeal is whether the trial court properly awarded restitution to Beall’s Outlet for the investigative costs which it incurred in uncovering Glaubius’s wrongdoing and determining the extent of the loss. Because we conclude that a victim’s investigative costs may constitute a proper item for restitution under section 775.089, Florida Statutes (1993), we affirm.
At the restitution hearing, Gregory Sher-rell, Beall’s regional loss prevention manager, testified that he conducted an investigation at the store after he was contacted by the manager, Rebecca Lee, regarding her suspicions concerning appellant’s refund transactions. Lee had noticed that there were sizable refund transactions when appellant was working as compared to when other supervisors were working. Sherrell and Dan Doyle, appellant’s boss, met twice on a weekday for an hour and a half each time to review refund slips from the store. Sherrell also spent time at the store investigating the theft, setting up surveillance equipment and reviewing the tapes. After SherrelPs investigation, he confronted appellant regarding thefts from the store. Appellant then admitted to taking merchandise from the store and money from the cash register by way of false refund transactions. Sherrell’s investigative efforts cost Beall’s approximately $40 per hour. The trial court awarded Beall’s $1,600 in investigative costs as restitution. We agree with the state that the investigative costs in question were incurred by Beall’s as a “direct or indirect” result of appellant’s criminal offense. See § 775.089(l)(a), Fla. Stat. (1993).
In Hodge v. State, 603 So.2d 1329 (Fla. 4th DCA 1992) this court held that restitution could be ordered for the reasonable value of time necessarily spent and costs incurred by the victim to determine and document the extent of his loss caused by the employee’s criminal conduct. There, the victim, his wife, son, accountant and two members of his office staff had worked to determine the extent of the loss in the detail which would be necessary for the victim to be indemnified under an employee fidelity bond. This court approved restitution for all of the costs and expenses necessarily and reasonably incurred by the victim in his investigation.
As to the reasonable value of the time necessarily spent and the costs necessarily incurred by the victim in order to determine and document the extent of the loss as required by the bonding company, we have no difficulty in concluding that such is likewise a loss caused at least indirectly, if not directly, by the appellant’s offense. There is a significant relationship between that loss and the crime, State v. Williams, 520 So.2d 276 (Fla.1988), and we think it would be illogical to conclude otherwise.
Id. at 1330.
We note that two districts appear to disagree with this approach and have held that *213 investigative costs incurred by the victim are not a proper item for restitution. See Ahnen v. State, 565 So.2d 855 (Fla. 2d DCA 1990), and Powell v. State, 595 So.2d 223 (Fla. 1st DCA 1992). In Ahnen, the second district held the victim was not entitled to restitution for monies that he paid to a private investigator to locate his missing property because he believed the sheriffs department had been “suppressing evidence and concealing information.” 565 So.2d at 855. The court explained that “even if the victim’s suspicions were justified, the investigative costs would only be remotely the result of Ahnen’s criminal activity, and not reasonably foreseeable by Ahnen.” Id. at 856.
In Powell, the first district refused to approve an order of restitution where the victim, suspicious over losses from his store, contacted the local police but was told that discovery of the wrongdoer would be difficult. The victim decided to hire a firm of private investigators to investigate. One of the private investigators videotaped the defendant transferring materials from the company truck to his pick-up truck, and covering them with a tarpaulin. When confronted with the incriminating evidence, the defendant confessed and all of the missing items-were recovered. The defendant later pled no contest to grand theft of building supplies. The trial court ordered restitution for the expenses which the victim incurred in hiring the private investigator and for costs of management employee time incurred during an internal investigation. The first district reversed the award of restitution stating:
Restitution for the incidental costs incurred for the private investigator arid the internal investigation in this case contemplate reimbursement for damages in excess of those caused by the convicted offense. Although the loss contemplated by a restitution order “need not be directly encompassed within the legal elements of an offense,” the evidence must establish a significant casual relationship between the loss and the convicted offense.
Id. at 225, quoting Denson v. State, 556 So.2d 823 (Fla. 1st DCA), review denied, 562 So.2d 347 (Fla.1990).
In Hodge, this court, without so holding, mused that Ahnen and Powell might be distinguished on the basis that the investigations in those cases were conducted at the “whim” of the victims. 603 So.2d at 1330. Judge Owen, writing for the majority, remarked that:
To the extent there is no valid distinction between those cases and this case, we are simply in disagreement as to what loss or damage is “indirectly” caused by the defendant’s offense. We would, in any event, question these cases because they imply, if not hold, that (1) the damages must be such as were reasonably foreseeable (the test of causation relating to breach of contract damages), and (2) the element of causation is likened to the proximate causation requirement in tort (which is generally limited to damages caused directly by the tort), standards more restrictive than the clear language of Section 775.089(l)(a), Fla.Stat. (1991).
603 So.2d at 1331 n. 4. We do not believe that Ahnen and Powell can be distinguished; therefore, we certify conflict.
The state concedes that the written order of probation must be corrected because the trial court waived the costs of probation supervision at the hearing, but those same costs were somehow included in the order of probation. It is well settled that a trial court’s oral pronouncement controls over a written order of probation. Therefore, that condition of probation is stricken. See, Justice v. State, 674 So.2d 123 (Fla.1996).
We have considered the other issues raised by appellant and find no error. In all other respects, the matter on' appeal is AFFIRMED.
GLICKSTEIN, J., concurs.
KLEIN, J., dissents with opinion.