701 So.2d 383 (1997)
D.J.R., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 96-4516.
District Court of Appeal of Florida, First District.
November 5, 1997.
Louis O. Frost, Public Defender, and Ward L. Metzger, Assistant Public Defender, Jacksonville, for Appellant.
Robert A. Butterworth, Attorney General, and Stephen R. White, Assistant Attorney General, Tallahassee, for Appellee.
MICKLE, Judge.
D.J.R. was charged with attempted burglary of a commercial business, and pled guilty to the lesser crime of petit theft. He appeals an order imposing restitution for items stolen in a burglary the following morning at the same location. Because Appellant's attempted burglary did not directly or indirectly cause the items to be stolen, and the stolen items were not related to Appellant's criminal episode, we reverse the restitution order.
Section 775.089(1)(a), Fla. Stat. (1995) states:
[T]he court shall order the defendant to make restitution to the victim for: (1) Damage or loss caused directly or indirectly by the defendant's offense; and (2) Damage or loss related to the defendant's criminal episode.
D.J.R. was charged with the crime of attempted burglary and pled guilty to the lesser crime of petit theft. The act for which he was charged and pled guilty was cutting an alarm wire at a commercial business. Shortly after the wire was cut, police and the business' owner arrived and the wire was repaired. Approximately six hours later, a second incident (burglary and theft) occurred at the same business (hereafter "the morning burglary"). During the commission of the morning burglary, the alarm was functioning properly and, in fact, was triggered.
The act for which D.J.R. was charged, cutting the alarm wire during the attempted burglary, did not cause, nor did it remotely *384 contribute to, the commission of the morning burglary. We find it significant that the wire was repaired to normal functioning prior to the morning burglary, breaking any chain of causation. Accordingly, the damages incurred during the morning burglary cannot be considered in determining the amount of restitution owed where they are not causally related to Appellant's criminal episode. State v. Williams, 520 So.2d 276 (Fla. 1988)(the court cannot impose restitution for damages which transpired independent of the crime), and Glaubius v. State, 688 So.2d 913, 916 (Fla.1997)(holding that significant due process concerns regarding the validity of section 775.089 would be raised if the trial court required the defendant to "pay a sum in excess of the amount of damages his criminal conduct caused the victim").
We would note that the State could have included the amount of restitution for the morning burglary in Appellant's plea agreement.
A plea agreement may contain provisions that order restitution relating to criminal offenses committed by the defendant to which the defendant did not specifically enter a plea.
Section 775.089(1)(b)2, Florida Statutes (1995). Accordingly, the State may not require Appellant to pay restitution for damages that were not caused by, or related to, Appellant's criminal episode, and were not included in Appellant's plea.
REVERSED and REMANDED, with instructions to determine the amount of damages resulting only from the acts which were related to Appellant's criminal episode.
MINER and ALLEN, JJ., concur.