THREADGILL, Judge.
S.E.G., a juvenile, adjudicated delinquent for trespass to a conveyance and obstructing an officer without violence, challenges a condition of community control requiring her to pay restitution for damages to a stolen vehicle in which she was a passenger. We reverse.
Section 775.089(1), Florida Statutes (1991) provides that a trial court shall order a defendant to make restitution to the victim for damage caused directly or indirectly by the defendant’s offense, unless it finds compelling reasons not to do so. At the appellant’s restitution hearing, the evidence established that the damages to the stolen vehicle were incurred entirely as a result of collisions by the driver.
The trial court ordered the appellant to pay $1,567.00 in restitution. The appellant contends, and the state does not dispute, that at all times she was merely a passenger in the vehicle. She argues that she should not have to pay for damages that she did not cause either directly or indirectly. We agree.
In G.C. v. State, 560 So.2d 1186 (Fla. 3d DCA1990), aff'd, 572 So.2d 1380 (Fla.1991), the district court reversed an order of restitution imposed against an appellant adjudicated delinquent for trespass to a conveyance. As in the instant case, the appellant had been a passenger in a stolen vehicle. The court found that most, if not all, of the damage to the vehicle had been caused by the driver when he stole it and later negligently parked it. The district court reversed the restitution order insofar as it related to the driver’s separate conduct, reasoning that under section 775.089, a defendant must have caused the damage at least indirectly. See also State v. Williams, 520 So.2d 276 (Fla.1988) (defendant charged with leaving the scene of an accident could not be responsible for damages not caused directly or indirectly by her crime).
Similarly, in this case, the damages to the stolen vehicle were caused solely by the driver’s separate conduct in operating the vehicle. There is no evidence that the appellant directly or indirectly caused or contributed to any of the damages by her act of trespass.
We therefore reverse and remand with directions to strike that condition of community control requiring the appellant to make restitution. In all other respects the order is affirmed.
Reversed in part; otherwise affirmed.
LEHAN, A.C.J., and PATTERSON, J., concur.