PER CURIAM.
K.M.G., a juvenile, appeals the trial court’s order imposing $1500 in restitution to compensate a victim for damage to his car. K.M.G. was not charged with theft of the vehicle, but merely for trespass in a conveyance. She entered the car on April 1, 1993, after it had been stolen by another teenager. She rode in the vehicle for about an hour before the police attempted to stop the car. K.M.G. jumped out of the car while it was still moving, and the driver did the same a few seconds later. The damage to the vehicle was caused by the resulting crash. There is no evidence that K.M.G. damaged the interior of the car or that she encouraged the driver to abandon the vehicle. Under the analogous rules applicable in a civil case, there is no evidence establishing a joint enterprise, which could make K.M.G. vicariously liable for the driver’s conduct, see Kane v. Portwood, 573 So.2d 980 (Fla. 2d DCA 1991), and no evidence of a civil conspiracy that might make K.M.G. responsible for the other teenager’s act of theft. We reverse the order of restitution because the-record does not establish that the defendant was more than a passenger in the vehicle. S.E.G. v. State, 618 So.2d 345 (Fla. 2d DCA 1993).
Reversed.
PARKER, A.C.J., and ALTENBERND and WHATLEY, JJ., concur.