HARRIS, Judge.
Vicente H. Uribe, while driving without a valid license, drove into the rear of a car being driven by Deana Ray causing her substantial injuries. Uribe fled the scene.
He was apprehended and pled nolo con-tendere to leaving the scene of an accident (a third degree felony) and driving without a valid license (a second degree misdemean- or). Uribe pled pursuant to an agreement that reserved the issue of restitution — both as to appropriateness and amount. On April 5, 1990, he was sentenced to three years probation on the felony and to time served on the misdemeanor.
It appears in the record, although not mentioned in either brief, that Uribe some three weeks after his sentence agreed to an Order of Modification of Probation requiring him to:
Pay $25 to Mr. and Mrs. Robert Ray;
Pay restitution in the amount of $1074 to International Services Company; and
Pay restitution to Florida Farm Bureau for victim's medical expenses once restitution is determined.
Apparently the order was entered under the plea agreement’s reserved issue of restitution; however, there is no indication in the record that the court considered the appropriateness of restitution even though the defense had specifically reserved that *769 issue. Although Uribe appears to have signed the order indicating his agreement, there is no indication that his attorney was aware that the order had even been presented to Uribe for signature. This order was not appealed and the record does not show that a copy of the executed order was even furnished to Uribe or his attorney.[1]
Subsequently — a year later — a formal restitution hearing was held. The previous order of modification was not mentioned. Defense counsel strongly urged that restitution was inappropriate because the damages did not flow, directly or indirectly, from the charged offenses. The court, acknowledging State v. Williams, 520 So.2d 276 (Fla.1988), agreed that leaving the scene of an accident would not support restitution for damages incurred in the accident. The trial court did hold, however, that restitution would be proper based on the charge of driving without a license. The court reasoned that the offense — illegal driving — was at least indirectly related to the accident which caused the injuries and awarded $10,000 to Florida Farm Bureau which included $3,000 for medical expenses and $7,000 for pain and suffering. Even if the trial judge’s analysis is correct, the charge of driving with an invalid license was disposed of without probation. Uribe has served his “sentence” on that offense. There is no probation on that charge on which to affix restitution.[2]
A more interesting issue would be to what extent Uribe’s agreement to pay restitution under his felony probation (if indeed such an agreement was validly made) could change the Williams result. In other words, can one involved in criminal conduct that might justify cumulative and alternative charges agree to a negotiated plea which would allow restitution, proper under certain charges abandoned because of the plea agreement, to be attached to a charge that would not permit restitution in absence of the agreement?
Since it does not appear that either the state or the trial court relied on the first Order of Modification of Probation in their consideration of the restitution which is the subject of this appeal (thus the defense, even if aware of the previous order, had no reason to contest its validity), that issue is not before us.
Based on this record, the order requiring restitution in the amount of $10,000 to Florida Farm Bureau is reversed.
REVERSED.
PETERSON and GRIFFIN, JJ., concur.

. It appears that Uribe signed the proposed order on May 30, 1990, probably at the probation office; the judge did not sign the order until June 12, 1990. The acknowledgement of service is blank.

. On remand, the trial court might wish to consider whether section 775.089(5), Florida Statutes (1991) is appropriate in this case.