SMITH, Judge.
Appellant appeals a requirement that she pay restitution as a condition of probation. We reverse.
Appellant was involved in an automobile accident in March 1982. She departed from the accident site and was later arrested and charged with leaving the scene of an accident in which the other driver, who was operating a motorcycle, was seriously injured. Appellant entered into a plea agreement with the state, but before sentence could be imposed, she absconded from the jurisdiction. Seven years later, appellant was again arrested, and was brought before the trial court for sentencing on the charge of leaving the scene of an accident.
As above mentioned, prior to her departure from the jurisdiction, appellant had entered a plea of nolo contendere. As part of the negotiated plea arrangement, appellant was to pay restitution to the other driver in the accident. At the sentencing hearing, which, as noted, was held more than seven years after the offense, appellant’s attorney expressed some doubt as to whether restitution could be ordered since the offense, leaving the scene of an accident, did not actually cause the harm done *269 to the other driver. Appellant’s attorney also argued to the court that the plea agreement included the proviso that appellant would be permitted to raise the legality of the restitution condition on appeal. The trial court, agreeing that the plea agreement apparently included the understanding that this issue could be raised on appeal, ordered that restitution be paid.
Restitution is to be imposed when the damage or loss for which restitution is ordered is caused directly or indirectly by the defendant’s offense. Mansingh v. State, 588 So.2d 636 (Fla. 1st DCA 1991). In State v. Williams, 520 So.2d 276 (Fla.1988), where the defendant was on probation for leaving the scene of an accident, the supreme court overturned a probation condition which required the defendant to pay restitution. The supreme court held that restitution was improper since the “damages arising out of the accident would have occurred with or without [the defendant] committing the offense of leaving the scene of an accident.” Id. at 277.
We find the court’s ruling in Williams to be applicable here, and we therefore hold that the order for restitution is improper, in view of the appellant’s position, agreed to by the trial court, that the plea agreement included the condition that the restitution provision could be challenged on appeal. Accordingly, we find it unnecessary to decide whether, under factual circumstances different from those present in this case, restitution may properly be included in a plea agreement for the underlying offense of leaving the scene of an accident.[1]
The order of restitution is REVERSED.
ZEHMER and WEBSTER, JJ., concur.

. The Fifth District recently posed a hypothetical question as to the validity of restitution, imposed by a plea agreement, which would not otherwise be proper except under charges abandoned pursuant to the plea agreement. Uribe v. State, 596 So.2d 768 (Fla. 5th DCA 1992). This question appears to have been answered in G.H. v. State, 414 So.2d 1135 (Fla. 1st DCA 1982) (restitution allowable based on plea agreement on leaving scene of accident charge where agreement includes state’s abandonment of criminal mischief charge).