PER CURIAM.
Appellant, Cheryl Haight, challenges an order of restitution entered against her for the offense of leaving the scene of an accident. We reverse with directions that the order of restitution be vacated, because the damages were not caused directly or indirectly by appellant’s offense.
On November 13, 1992, 18-year-old Robert Case was struck by a vehicle and killed while walking along a roadside. The driver left the scene. After a two-and-one-half month investigation, the sheriffs office identified appellant as the driver, and she was subsequently charged with leaving the scene of an accident resulting in death. Haight pled guilty.
At the sentencing hearing, Haight agreed to pay restitution as deemed appropriate by the court. The victim’s mother then read a statement indicating that appellant’s refusal to come forward after the lengthy delay caused her family great anguish. She asked the court to require Haight to pay for her son’s funeral, family counseling and in-patient counseling for the victim’s brother, who was hospitalized because of grief following his older brother’s death. The total amount requested was between $19,000 and $23,000. The trial court withheld adjudication of guilt and sentenced Haight to nine months in county jail, to be followed by five years’ probation, with the *1171 special condition that she “make restitution to the family in the amount they have sought,” less any amounts covered by insurance. We conclude that the latter portion of the sentence was error.[1]
Section 775.089(1)(a), Florida Statutes (1991), requires the court to order the defendant “to make restitution to the victim for damage or loss caused directly or indirectly by the defendant’s offense.” We conclude that none of the damages which the family sought were caused by Haight’s crime of leaving the scene of an accident. State v. Williams, 520 So.2d 276 (Fla.1988); Fykes v. State, 599 So.2d 268 (Fla. 1st DCA 1992).
The state does not dispute that the funeral expenses do not relate to Haight’s offense. As for family counseling, although the victim’s mother and father each testified as to the pain they experienced during the months following their son’s death while-the driver of the vehicle was at large, they never testified that they required counseling for this aspect of - the tragedy. Similarly, the in-patient counseling for the victim’s brother, who was suicidal because he missed his brother and unable to understand why he died, was never shown to be related in any way to appellant’s crime.
A letter from the family’s therapist confirms that the family members were receiving therapy for their grief relating generally to Robert’s tragic death, but not for any distress pertaining to appellant’s leaving the scene. Consequently, because there is no evidence establishing that Haight’s offense directly or indirectly caused the damages claimed by the victim’s family, the trial court erred in ordering restitution.
REVERSED and REMANDED with directions that the order of restitution be vacated.
ZEHMER, C.J., and ERVIN and SMITH, JJ., concur.

. Although appellant’s lawyer did not object that the restitution exceeded the scope of section 775.089(1), Florida Statutes (1991), we conclude that the sentencing error is apparent from the face of the record, thus it did not require a contemporaneous objection. See L.A.D. v. State, 616 So.2d 106 (Fla. 1st DCA), review denied, 624 So.2d 268 (Fla.1993).
While the state did not argue the point, it could be contended that Haight consented to pay restitution, as ordered by the court. See Ferris v. State, 558 So.2d 179 (Fla. 2d DCA 1990). We cannot conclude, however, that appellant entered a valid consent under the facts of this case. Consent must be a knowing and intentional relinquishment of a known right. See Hunt v. Estate of Hunt, 475 So.2d 1358 (Fla. 5th DCA 1985); State v. Lanxon, 393 So.2d 1194 (Fla. 3d DCA 1981). Although Haight apparently was willing to pay an amount required by statute, we cannot construe her consent to pay "whatever restitution the Court would deem appropriate" as a knowing agreement to pay more than the law permits.