ON MOTION FOR REHEARING

ERVIN, Judge.
Appellant, David S. Brown, challenges a trial court’s order requiring him to pay $50,-281 in restitution in connection with his conviction for driving under the influence and causing serious bodily injury to another. Although we find no error in the imposition of restitution as a condition of appellant’s probation, we nevertheless conclude that the payment plan was improper and that appellant should not have been required to pay his own hospital bills as part of restitution. We therefore reverse and remand for further proceedings.
While driving his brother’s truck, appellant was involved in a single-car accident, which seriously injured him and his brother. Upon appellant’s nolo contendere plea, the court sentenced appellant to three years’ probation, and, although it made no finding that appellant had the present ability to pay, ordered him to pay $50,281 in restitution to University Medical Center, an amount consisting of $33,451 for his brother’s hospital bills and $16,830 for his own. He was directed to pay his brother’s hospital bills in the following monthly installments: $24 the first month, $35 the second month, $142 the third and fourth months, $297 during months five through seven, and the remaining $32,953 in $100 monthly installments. The court further ordered him to pay the hospital for his own bills as follows: $24 the first month, $30 the second month, and the remainder in $100 monthly installments. Appellant’s counsel objected, stating that the restitution which appellant was directed to pay on behalf of his brother was improper, because appellant lackéd the ability to pay, and he specifically objected to the inclusion of appellant’s own hospital bills.
The evidence shows that appellant is a T-5 paraplegic confined to a wheelchair as a result of the accident. He still has the ability to move his arms, but has no control over his chest, legs or bowels and is forced to use a catheter. He was unemployed at the time of sentencing, but was attempting to obtain vocational rehabilitation so that he *1068 might ultimately find some sort of work. The state conceded that it was highly unlikely that appellant would ever be able to pay the restitution. Nonetheless, as indicated in Nix v. State, 604 So.2d 920 (Fla. 1st DCA 1992), a court may order a defendant to pay restitution even though it is apparent that the defendant has no present ability to pay, when the defendant has failed to establish an absence of potential future financial resources. Accord Ballance v. State, 447 So.2d 974 (Fla. 1st DCA 1984) (although defendant was presently unable to pay restitution, court could still require defendant to be obligated for future payments). Thus, we agree no error was committed in the imposition of restitution under the circumstances. In so saying, we note that the lower court properly considered the factors set forth in section 775.089(6), Florida Statutes (1991), and that it was not required to make a specific finding regarding appellant’s ability to pay.
Nevertheless, the court erred in establishing the payment plan, as it violates section 775.089(3), Florida Statutes (1991), providing that restitution installments shall terminate at the expiration of probation. Under the payment plan imposed here, 27 years would be required for appellant to pay his brother’s hospital bills, yet his probationary sentence was only three years.[1]
Additionally, we find error in the inclusion of appellant’s hospital bills in the amount of restitution. Section 775.089(l)(a), Florida Statutes (1991), provides that the court may direct the defendant “to make restitution to the victim, for damage or loss caused directly or indirectly by the defendant’s offense.” (Emphasis added.) The term “victim” includes “the aggrieved party, the aggrieved party’s estate if the aggrieved party is deceased, and the aggrieved party’s next of kin if the aggrieved party is deceased as a result of the offense.” § 775.089(l)(c), Fla.Stat. (1991). Neither the hospital which treated appellant for his injuries nor appellant comes within the statute’s definition of “victim”; therefore, it was error to include appellant’s hospital bills in the amount of restitution ordered.
REVERSED and REMANDED with directions to deduct appellant’s hospital bills from the amount of restitution and to impose a payment plan consistent with applicable law.
BARFIELD and WEBSTER, JJ., concur.

. Although appellant did not object to the payment plan at the time of sentencing, “[a]n order directing restitution must be considered a sentencing error, rather than a trial error, and as such does not require a contemporaneous objection." L.A.D. v. State, 616 So.2d 106, 107 (Fla. 1st DCA) (allowing appellant to argue propriety of restitution on appeal when issue was not raised below), review denied, 624 So.2d 268 (Fla. 1993). See also Haight v. State, 640 So.2d 1170, 1171 n. 1 (Fla. 1st DCA 1994) (although defendant’s lawyer did not object that restitution exceeded the scope of section 775.089(1), it was a sentencing error apparent from the face of the record and therefore did not require a contemporaneous objection). Therefore, even in the absence of a contemporaneous objection, we consider this point properly raised.