PER CURIAM.
Following our decision in Barclay v. State, 629 So.2d 1065 (Fla. 3d DCA 1994), this matter recurred in the trial court. Defendant was not present but was represented by counsel, an assistant state attorney was also present. There was some confusion over what this court’s mandate required. Defendant’s counsel stated that the case had been sent back on the restitution issue and that a hearing would be appropriate. Whereupon, the trial court stated:
Court: Seems like a waste of taxpayers dollars to bring him back just to find out that he can’t pay the restitution.
Marder: It certainly sounds that way.
Court: I’m not sure I can convert it to a criminal order of restitution. That was just a straight restitution as far as sentence, correct?
Clerk: Yes, Judge.
Court: Okay. It wasn’t a criminal order of restitution?
Clerk: No, nothing about that.
Court: Probably cheaper if I convert to a criminal order of restitution. If he wants to take an appeal on that, he can do that and we’ll see where it goes. As to restitution that was originally the matter as to 9291B, Court is going to follow the mandate of the appellate court and delete that from the sentencing as to this defendant and is going to convert that to a criminal order of restitution.
Clerk: Total will be eight thousand seven hundred and fifty dollars, Judge.
Court: Okay.
Defendant appeals the trial court’s order of restitution on the grounds that it was made without inquiring into his ability to pay restitution. The state properly concedes that the trial court erred in ordering defendant to pay restitution without inquiring into his ability to pay same. We reverse the order under review and return the matter to the trial court with instructions that prior to imposing an order of restitution[1] defendant must be given an opportunity to be heard, either in person, through counsel, or by such other means as the trial court may direct, regarding his present and future ability to pay restitution.[2] See § 775.089(6) & (7), Fla. Stat. (1993). See and compare Oliverio v. State, 600 So.2d 534 (Fla. 4th DCA 1992).
Reversed and remanded with directions.

. Should the trial court determine that restitution is required under § 775.089(l)(a) & (b), Florida Statutes, (1993).

. We note that the transcript demonstrates that of the thirty five hundred dollars in property taken from the DeVilla’s two thousand dollars worth may have been recovered. On rehearing the trial court should determine whether the restitution amount should be corrected or whether defendant has waived the right to dispute the amount of restitution awarded. See Anderson v. State, 649 So.2d 890 (Fla. 2d DCA 1995); Thrasher v. State, 528 So.2d 474 (Fla. 1st DCA 1988).