BASKIN, Judge.
Defendant appeals an order imposing restitution in the amount of $2,195. Pursuant to a negotiated plea agreement, defendant pled no contest to charges of grand theft, burglary and possession of burglary tools in exchange for an adjudication of guilt with a sentence of one year probation, and an order of restitution with early termination of probation if the restitution is paid. The parties agreed that the maximum amount of restitution would be $2,195.
At the restitution hearing, the defendant testified that she was unemployed, had a ten-year-old daughter, lived in public housing and that her sole means of support came from public assistance programs. Defendant was enrolled in a state-subsidized nursing assistant training program. She was scheduled to graduate from the training program, but had no job prospects. Finding that defendant would have the ability to pay restitution in the future, the court ordered her to pay $2,195 in twenty-five dollar monthly installments.
On appeal, defendant attacks the propriety of the amount of restitution ordered, and the payment scheme created by the trial court. Although the trial court may properly consider defendant’s future ability to pay restitution in determining the amount to impose, Barclay v. State, 651 So.2d 218 (Fla. 3d DCA 1995); Nix v. State, 604 So.2d 920 (Fla. 1st DCA 1992), we find that the court erred in creating a payment scheme in violation of the mandate in section 775.089(3), Florida Statutes (1993). Section 775.089 provides, inter alia:
(3) (a) The court may require that the defendant make restitution under this sec *184 tion within a specified period or in specified installments.
(b) The end of such period or the last such installment shall not be later than:
1. The end of the period of probation if probation is ordered;
[[Image here]]
The payment plan in this case would have defendant making twenty-five dollar payments for over seven years, despite a probationary sentence of only one year. Brown v. State, 645 So.2d 1066, 1068 (Fla. 1st DCA 1994). The restitution order is reversed and the cause remanded for entry of a restitution order consistent with this opinion and in keeping with defendant’s ability to pay.
Reversed and remanded.