479 So.2d 146 (1985)
Everett Lee BOWLING, Appellant,
v.
STATE of Florida, Appellee.
No. 85-4.
District Court of Appeal of Florida, Fifth District.
October 31, 1985.
Rehearing Denied December 9, 1985.
James B. Gibson, Public Defender, and Lucinda H. Young, Asst. Public Defender, Daytona Beach, for appellant.
*147 Jim Smith, Atty. Gen., Tallahassee, and Margene A. Roper, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
This case involves the question of whether restitution for injuries may be imposed as a condition of probation where the injuries were not directly related to the offense for which probation was ordered.
Appellant was involved in an automobile accident and charged with two counts of failure by one involved in an accident to stop and render aid to an injured person. (§§ 316.062(1), 316.027(1) and (2), Fla. Stat.) As a result of plea negotiations, appellant pled no contest to one count of failure by one involved in an accident to stop and render aid to an injured person, and was subsequently placed on probation. As a condition of probation, probationer was ordered to make restitution for the injuries sustained by the persons in the accident. On appeal he asserts that the restitution condition was improper because the injuries were not directly related to the offense for which he was placed on probation as one may be guilty of failing to stop and render aid to an injured person even though that person did not cause the injury.
In J.S.H. v. State, 472 So.2d 737 (Fla. 1985), the supreme court held that the damage for which restitution is ordered must bear a significant relationship to the convicted offense, but need not be a necessary element of the offense. This court has likewise held that conditions of probation involving restitution are not limited to damage or loss having a direct relationship to the offense which results in probation. See Roberts v. State, 467 So.2d 439 (Fla. 5th DCA 1985); Rose v. State, 434 So.2d 1014 (Fla. 5th DCA 1983), rev. den. 444 So.2d 418 (Fla. 1984); M.A.R. v. State, 433 So.2d 29 (Fla. 5th DCA 1983), rev. den. 441 So.2d 632 (Fla. 1983). In this case, there was no question that the probationer caused the accident and injuries as a result of his reckless driving. Cf. Fresneda v. State, 347 So.2d 1021 (Fla. 1977) (where the record did not clearly establish that defendant's car caused the injuries).
AFFIRMED.
DAUKSCH and SHARP, JJ., concur.