NIMMONS, Judge.
Appellant was convicted, after trial by jury, of leaving the scene of an accident involving death or personal injury, fleeing and attempting to elude a police officer, and reckless driving. He appeals: (1) the conviction of leaving the scene of an accident; and (2) the restitution requirement of the probation order.[1] We affirm the judgment and sentence but reverse and remand as to that portion of the probation order which directs the defendant to “[p]ay restitution to victim as set forth in presentence investigation, and on schedule of probation officer.”
We reject the appellant’s argument, relying upon State v. Williams, 520 So.2d 276 (Fla.1988), that the trial court is precluded from requiring restitution to those who sustained injuries and property damage in the subject accident. Unlike Williams, the record in the instant case is clear that the six-car accident causing extensive property damage and personal injuries resulted from the high speed chase initiated by the defendant. See Bowling v. State, 479 So.2d 146 (Fla. 5th DCA 1985). Moreover, as above noted, the defendant was actually convicted of, not only the leaving the scene offense, but also reckless driving and attempting to elude a police officer. We are of the view that the necessary causal relationship required by Section 775.089(l)(a), Florida Statutes (1985), is satisfied.[2] We are of the further view that the fact that the restitution condition was imposed with respect to only the one count, 1.e. the leaving the scene offense, does not vitiate the restitution requirement.
However, we have a problem with the vagueness of the probation order. As earlier noted, the restitution provision requires that the defendant “[p]ay restitution to victim as set forth in presentence investigation, and on schedule of probation officer.” We have reviewed the presentence investigation report and are unable to determine appellant’s restitution obligations under the probation order. On remand, the trial court shall conduct further proceedings for the purpose of specifically determining which victims shall be entitled to restitution and in what amounts, and shall enter an amended probation order containing such specifics. In such further proceedings, the state and appellant shall be entitled to present further evidence and *485 argument relative to the determination of the victims or “aggrieved parties” (within the meaning of Section 948.03, Florida Statutes) to whom the defendant should be required to pay restitution, the amount of damage or loss caused by the defendant, and other related issues.
Finally, we affirm the leaving the scene conviction, rejecting appellant’s assertion of error in the trial court’s jury instructions as to that count.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
ERVIN and «TOANOS, JJ., concur.

. On the count of leaving the scene of an accident, the court imposed a sentence of 18 months incarceration followed by a probationary period of 12 months. It was in connection with this count that the subject restitution requirements were imposed. On the count of fleeing and attempting to elude a police officer, the defendant was sentenced to a term of one year in the county jail, and on the reckless driving count, the defendant was sentenced to a term of 60 days in the county jail. The latter two sentences were to run concurrently with each other and with the first sentence.

. Section 775.089(l)(a) provides in pertinent part:
(l)(a) In addition to any punishment, the court shall order the defendant to make restitution to the victim for damage or loss caused directly or indirectly by the defendant’s offense, unless it finds reasons not to order such restitution.