558 So.2d 179 (1990)
Brian David FERRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 89-01195.
District Court of Appeal of Florida, Second District.
March 16, 1990.
James Marion Moorman, Public Defender, and Stephen Krosschell, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Donna A. Provonsha, Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Chief Judge.
Appellant, Brian David Ferris, appeals his judgment and sentence arising out of his nolo contendere plea to the charges of leaving the scene of an accident resulting in personal injuries, failure to remain at the scene and give information and render aid in violation of sections 316.027 and 316.062, Florida Statutes (1987), and driving while his license was suspended or revoked in violation of section 322.34, Florida Statutes (1987). Those offenses occurred on August 13, 1988. Appellant simultaneously pled guilty to an additional charge of driving while his license was suspended or revoked on April 9, 1988. Appellant was sentenced to time served for the two charges of driving while his license was suspended or revoked and to three-and-one-half years in prison followed by three consecutive years of probation for leaving the scene of an accident. The court ordered appellant's driver's license suspended for four years and ordered him to pay $4,782 restitution as a condition of his probation. We reverse in part and affirm in part.
Appellant first challenges that part of his sentence that suspended his driver's license for four years. Appellant is correct that the trial court had no authority to suspend appellant's driver's license. Mandile *180 v. State, 547 So.2d 1062 (Fla. 2d DCA 1989). However, both sections 316.027(3) and 322.26(4), Florida Statutes (1987) require that the Department of Safety and Motor Vehicles shall forthwith revoke appellant's license upon receipt of the record of appellant's conviction from the trial court.
Appellant next correctly contends that his total sentence of three-and-one-half years incarceration plus three years consecutive probation exceeds the maximum term of imprisonment of five years for a third degree felony. § 775.082(3)(d), Fla. Stat. (1987). Leaving the scene of an accident involving personal injuries is a third degree felony. § 316.027(2), Fla. Stat. (1987).
Appellant also argues that the trial court improperly imposed restitution for damages suffered by the victims of the accident. It is true that only damages that are causally related to the crime charged may be imposed by section 775.089(1)(a), Florida Statutes (1987). State v. Williams, 520 So.2d 276 (Fla. 1988). In this case, appellant had entered pleas of nolo contendere not only to charges of leaving the scene of an accident and failure to render aid, but also driving while his license was suspended or revoked. Moreover, it is not contested that appellant's driving of his vehicle resulted in the damages for which restitution was imposed. See Williams; Bowling v. State, 479 So.2d 146 (Fla. 5th DCA 1985).
Appellant's original plea negotiations included a negotiated disposition of the charges which specifically included restitution. However, because of an inability to agree as to a term of incarceration, appellant entered his plea without a negotiated disposition, seeking instead an opportunity to persuade the trial judge to be lenient in regard to incarceration. At the final sentencing hearing, the only matter contested was the amount of incarceration time, if any, appellant would receive. At that hearing, appellant's counsel argued as follows:
I think as Mr. Vigen says, the way in which you score the injuries is going to make an incredible difference to Mr. Ferris. No matter how you score them, you can't help the victims.
I think that what we need to look at is how we're going to get the victims their money, their restitution; and how are we going to keep Brian on the straight and narrow, so to speak. And in my mind, the probation report suggests Community Control.
We, therefore, conclude that appellant not only did not object to restitution, he specifically consented to it and, therefore, failed to preserve that issue for appeal. Gemme v. State, 508 So.2d 533 (Fla. 2d DCA 1987).
We find that appellant's remaining points on appeal have no merit.
Accordingly, we reverse for resentencing so that appellant's total sentence shall not exceed the statutory maximum of five years and for deletion of the court-imposed suspension of appellant's driver's license. The judgment and sentence is otherwise affirmed.
DANAHY and ALTENBERND, JJ., concur.