571 So.2d 485 (1990)
William D. STEWART, Petitioner,
v.
STATE of Florida, Respondent.
No. 90-01402.
District Court of Appeal of Florida, Second District.
August 29, 1990.
*486 Robert E. Jagger, Public Defender, and Christopher E. Yeazell, Asst. Public Defender, Clearwater, for petitioner.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol M. Dittmar, Asst. Atty. Gen., Tampa, for respondent.
SCHEB, Judge.
William D. Stewart seeks a petition for writ of certiorari to review a judgment of the circuit court sitting in its appellate capacity. The circuit court affirmed a county court order imposing restitution as a probationary condition for the offense of driving with a suspended driver's license. We find that the restitution order was a departure from the essential requirements of law and grant the petition.
On August 14, 1988, while driving with a suspended driver's license, the petitioner was involved in an automobile accident. The petitioner and driver of the other car agreed to amicably settle the incident. The petitioner then left the accident scene. Subsequently, the police became involved and both drivers received traffic citations. The other driver was charged with giving false information to a police officer. The petitioner was cited for leaving the scene of an accident and driving while license suspended. Both drivers admitted the offenses in traffic court.
As a condition of the petitioner's probation, and over his objection, the petitioner was directed to pay restitution to the other driver. Following a restitution hearing, the county court found petitioner 60% at fault and the other driver 40% at fault and assessed $1,020.00 against the petitioner.
The petitioner appealed to circuit court. The circuit court agreed with the petitioner that the offense of leaving the scene of the accident did not cause the damage. However, the court found that "but for" the petitioner driving while his license was suspended, the accident would not have happened and that the driving while the license was suspended was a contributing cause to the accident.
Restitution may be imposed only for damages that are caused directly or indirectly by a defendant's offense, section 775.089(1)(a), Florida Statutes (1987). There must be a significant relationship between the damages and the offense. J.S.H. v. State, 472 So.2d 737 (Fla. 1985). The significant relationship test works in conjunction with the causation required by the statute. State v. Williams, 520 So.2d 276, 277 (Fla. 1988).
Applying the above to the facts herein, it is apparent that the suspension of the petitioner's license was an existing condition, not the cause of the accident. Because the driving with a suspended license was not the cause of the accident, it had no relationship to the damages suffered by the other driver. In fact, by apportioning the liability between the drivers, the trial judge effectively made a determination of each driver's civil liability. While doubtlessly related, it is clearly inappropriate to determine civil liability in the context of a criminal case restitution hearing.
*487 We find that the circuit court misapplied the law and so departed from the essential requirements of law in upholding the restitution order. Accordingly, we grant the petition for writ of certiorari and vacate the order of restitution.
SCHOONOVER, C.J., and THREADGILL, J., concur.