ANSTEAD, Judge,
specially concurring.
I write separately only to note that we are approving here a substantial award of damages, by way of an order of restitution, *168 to the deceased victim’s family. The trial court entered a judgment in the amount of $698,285.35 against the appellant who plead guilty to second degree murder. Florida’s restitution statute is broad in scope and appears to authorize such awards:
(l)(a) In addition to any punishment, the court shall order the defendant to make restitution to the victim for damage or loss caused directly or indirectly by the defendant’s offense, unless it finds clear and compelling reasons not to order such restitution....
(c) The term “victim” as used in this section and in any provision of law relating to restitution includes the aggrieved party, the aggrieved party’s estate if the aggrieved party is deceased, and the aggrieved party’s next of kin if the aggrieved party is deceased as a result of the offense.
§ 775.089 Fla.Stat.
Other jurisdictions have approved awards under similar statutory provisions. See State v. Moriarty, 87 Or.App. 465, 742 P.2d 704 (1986); State v. Mayberry, 415 N.W.2d 644 (Iowa 1987). See also Durrett v. State, 530 So.2d 483 (Fla. 1st DCA 1988).