ALTENBERND, Judge.
For the purposes of this opinion, we consolidate these two cases, which involve two separate automobile accidents. Each defendant was charged with leaving the scene of an accident with injury. Each defendant was ordered to pay restitution for damages arising out of the automobile accident. § 316.027, Fla.Stat. (1989). Although the state established that the two accidents were caused by the defendants’ individual negligence, we conclude that the rule announced in State v. Williams, 520 So.2d 276 (Fla.1988), does not permit restitution for the damages because the damages do not bear a significant relationship to the punished offenses. Accordingly, we reverse the orders of restitution.
CASE NO. 91-01660
On November 28, 1990, Carmen Salvador was entering Interstate 75 from State Road 54. While making a left turn, she struck another vehicle. She fled the scene of the accident and was apprehended a short while later on the interstate. The state charged Ms. Salvador with the third-degree felony of leaving the scene of an accident with injury. She pleaded nolo contendere. The trial court withheld adjudication, placed her on probation, and reserved jurisdiction to access restitution.
At the restitution hearing, the victim briefly described the accident and Ms. Salvador’s negligence. The victim admitted that she was driving approximately 55 to 60 miles per hour on State Road 54 and that the road was wet. She stated that her medical bills to date totalled $6,300.00, and that she believed there was an outstanding radiology bill for approximately $1,500.00. The bills were not introduced into evidence and the record contains no discussion con *228 cerning either the victim’s injuries or any available collateral sources.
The trial court was troubled by the evidence of comparative negligence and by the summary procedure used to establish damages. It concluded, however, that Williams compelled it to order restitution if there was evidence that the damages were caused by the defendant’s negligence. Thus, it ordered restitution in the amount of $8,000.00, but further ordered that “the amount of restitution shall be reduced to an amount equal to the amount of any judgment rendered in favor of the victim in the event of civil litigation.”
CASE NO. 91-01807
On December 2, 1990, Linda Lee Jones ran a stop sign in Dade City, Florida, and struck another vehicle. She left the scene of the accident, apparently because her driver’s license was suspended. She was apprehended a short time later. After being charged with leaving the scene of an accident with injury, Ms. Jones pleaded nolo contendere and was placed on probation.
At this restitution hearing, the victim described the accident and stated that he had incurred expenses totalling $2,149.40. This amount consisted of hospital expenses and the deductible on his automobile insurance. The record contains no evidence concerning the nature and extent of the injuries. The victim admitted, however, that none of his injuries were caused by Ms. Jones’ act of leaving the scene of the accident.
The trial judge, who was the same judge who had presided over Ms. Salvador’s case, noted that he had struggled with this problem before and believed he must award restitution because the state had presented evidence that the injuries were caused by the negligence of the defendant. Thus, the trial court entered an award of restitution in the amount of $2,149.40.
UNDER WILLIAMS, A SIGNIFICANT RELATIONSHIP MUST EXIST BETWEEN THE DAMAGE AND THE PUNISHED OFFENSE.
In Williams, the supreme court held that the trial court could not impose restitution for damages arising from an automobile accident that preceded the defendant’s crime of leaving the scene of an accident. The court, however, did not expressly overrule Bowling v. State, 479 So.2d 146 (Fla. 5th DCA 1985), and emphasized that the state had not established that Mr. Williams had caused the damages. As a result, the state now maintains that it is still entitled to seek restitution in a case similar to Williams, so long as it establishes that the defendant’s negligence or violation of a traffic regulation was a legal cause of the accident resulting in injury. We disagree.
The Williams court concluded that the “significant relationship” test established in J.S.H. v. State, 472 So.2d 737 (Fla.1985), works in conjunction with the causation required by section 775.089(1)(a), Florida Statutes (1989). As the First District has observed, this creates a two-prong test:
1. Was the damage or loss for which restitution is ordered caused directly or indirectly by the defendant’s offense?
2. Is there a significant relationship between the damage to the victim and the crime proved?
O’Steen v. State, 547 So.2d 235, 237 (Fla. 1st DCA 1989).
A connection must exist between the damage and the punished criminal conduct of the defendant. See Stewart v. State, 571 So.2d 485 (Fla. 2d DCA 1990); Arling v. State, 559 So.2d 1274 (Fla. 2d DCA 1990). It is not sufficient that the damage was caused by the negligence of the defendant preceding the criminal episode.[1]
We conclude that Bowling and Durrett v. State, 530 So.2d 483 (Fla. 1st DCA 1988), are distinguishable. Both cases involve defendants who were guilty of reckless driv *229 ing. The Durrett opinion clearly explains that the defendant was sentenced to jail for reckless driving. See § 316.192, Fla.Stat. (1989). The requisite connection that allows restitution may well exist between damages arising from an automobile accident and the criminal, reckless conduct that caused that accident. In the two cases which we consider today, there was no evidence presented connecting the defendants’ acts of leaving the accident scene with the victims’ damages. We can safely say that the damages in these cases would be no different had the defendants remained at the accident scenes. Cf. Johnson v. State, 547 So.2d 300 (Fla. 3d DCA 1989) (“If there was any demonstrable aggravation of the victim’s injury by reason of the delay, that would be an indirect injury cognizable under the statute.”).
To avoid any possible confusion, we emphasize that this opinion holds only that a significant relationship must exist between the punished offense and the damages. We have no occasion to decide whether restitution would be permissible for damages negligently caused by noncriminal acts that occur during a criminal episode, e.g., accidental breaking of furniture during a burglary. Likewise, we have no occasion to decide whether restitution would be appropriate for damages arising out of the negligent operation of a motor vehicle in a case where the defendant’s punished offense was for a specific traffic infraction or offense. See generally § 316.655, Fla. Stat. (1989).
Reversed and remanded.
CAMPBELL, A.C.J., and LEHAN, J., concur.

. We distinguish this case from Ferris v. State, 558 So.2d 179 (Fla. 2d DCA 1990). While it is questionable whether restitution was mandated by statute in that case, the defendant specifically consented to the restitution and did not preserve any possible error for review.