GRIFFIN, Judge.
On October 9, 1993, appellant, William M. Longshore [“Longshore”], was operating a motorcycle in South Daytona with a passenger on board. When he tried to maneuver between two vehicles, he was involved in an accident. His passenger was injured in the accident. Longshore fled the scene. He was charged with failure to stop at an accident scene resulting in personal injuries.[1] He entered into a written plea agreement. The restitution portion of the plea form was left blank.
Longshore was given probation and was ordered to pay restitution. At the hearing to determine the amount of restitution, the trial judge determined that restitution to his passenger in the amount of $2,228.00 was appropriate. Longshore objected and now appeals the restitution award, which we vacate.
There is nothing in the record to suggest that the injuries suffered by the passenger riding on Longshore’s motorcycle were caused or exacerbated by Longshore’s flight on foot from the scene after the accident. The fact that the accident that preceded the commission of the offense was Longshore’s fault is not a legal basis to order restitution. State v. Williams, 520 So.2d 276 (Fla.1988).
We also strike the imposition of the payment to First Step of Volusia County, Tibero v. State, 646 So.2d 213 (Fla. 5th DCA 1994), and we strike the public defender lien without prejudice to reimpose it upon remand by following proper procedure. Smith v. State, 622 So.2d 638 (Fla. 5th DCA 1993).
JUDGMENT AND SENTENCE AFFIRMED; RESTITUTION VACATED; COSTS STRICKEN.
HARRIS, C.J., concurs.
THOMPSON, J., concurs in part; dissents in part, with opinion.

. § 316.027(l)(a), Fla.Stat. (1993).