700 So.2d 731 (1997)
Michael CHEEK, Appellant,
v.
STATE of Florida, Appellee.
No. 96-3556.
District Court of Appeal of Florida, Fifth District.
September 19, 1997.
Rehearing Denied October 28, 1997.
James B. Gibson, Public Defender, and M.A. Lucas, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Maximillian J. Changus, Assistant Attorney General, Daytona Beach, for Appellee.
DAUKSCH, Judge.
This is an appeal from an order of restitution in a driving with a suspended license case. We quash the order.
Appellant backed an automobile into the roadway into the path of another vehicle, causing a crash. At the time he was operating the car his driving privileges had been suspended by the state, so he was charged with driving on a suspended license. At his sentencing the judge ordered him to pay restitution for the damages caused by the crash. Numerous cases hold this was error because the fact that his license was suspended was not causally related to the crash. State v. Williams, 520 So.2d 276 (Fla.1988); Longshore v. State, 655 So.2d 1139 (Fla. 5th DCA 1995); Ochoa v. State, 596 So.2d 515 (Fla. 2d DCA 1992); Stewart v. State, 571 So.2d 485 (Fla. 2d DCA 1990). See Glaubius v. State, 688 So.2d 913 (Fla.1997).
Whether one agrees with the cases is not determinative of whether they must be adhered to. The order must be quashed.
ORDER QUASHED.
THOMPSON, J., concurs.
W. SHARP, J., dissents with opinion.
W. SHARP, Judge, dissenting.
I would affirm the order of restitution in this case pursuant to section 775.089(1)(a)2., Florida Statutes (1995). The loss or damage to the victim's vehicle clearly was "related to" the defendant's criminal episode.
Section 775.089 governs restitution in criminal cases. This section had previously required the trial court to order the defendant to make restitution to the victim only for "damage or loss caused directly or indirectly by the defendant's offense." See, e.g., § 775.089(1)(a), Fla. Stat. (Supp.1992). The Florida Supreme Court interpreted this provision to mean that the trial court must find that the loss or damage was causally connected to the offense and bore a significant relationship to the offense. See Glaubius v. State, 688 So.2d 913 (Fla.1997); State v. Williams, 520 So.2d 276 (Fla.1988).
However, in 1993, section 775.089 was significantly amended to include an additional *732 restitutionary obligation. Ch. 93-37, § 1, Laws of Florida. See J.O.S. v. State, 689 So.2d 1061, 1063, n. 10 (Fla.1997).
According to the preamble, one purpose of the act was to expand the criteria for ordering restitution. Thus the present restitution statute must be interpreted as requiring the imposition of restitution for 1) any damage or loss caused directly or indirectly by the defendant's offense and 2) for any damage or loss significantly[1] related to the defendant's criminal episode.
Here Cheek hit another vehicle as he was backing his automobile out of his driveway into the road. At the time, Cheek's driver's license had been suspended. Thus, Cheek's criminal episode began when he started driving without a valid license. The restitution imposed by the trial courtthe damages to the other vehicleclearly have a significant relationship to the criminal episode. In these circumstances, I would affirm.
NOTES
[1] The "significant relationship" also applies to this restitution provision. See J.O.S., 689 So.2d at 1064.