709 So.2d 107 (1998)
Robert TRIPLETT, Appellant,
v.
STATE of Florida, Appellee.
No. 96-3467.
District Court of Appeal of Florida, Fifth District.
January 30, 1998.
Order Certifying Question on Rehearing May 8, 1998.
James B. Gibson, Public Defender, and Stephanie H. Park, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and David H. Foxman, Assistant Attorney General, Daytona Beach, for Appellee.
GRIFFIN, Chief Judge.
Appellant, Robert Triplett ["Triplett"], seeks review of an order of restitution. We reverse.
Triplett pled nolo contendere to the charge of leaving the scene of an accident involving personal injuries. After his truck struck the rear of a vehicle stopped at a traffic light, he made a U-turn and sped away. The occupants of the vehicle suffered injuries in the collision, as did the occupant of the vehicle struck by the car struck by Triplett's vehicle. In sentencing Triplett for leaving the scene, the court imposed restitution for personal injury and property damages sustained in the collision.[1]
In 1993, the legislature amended section 775.089(1)(a), Florida Statutes, to require restitution for: "1. Damages or loss caused directly or indirectly by the defendant's offense; and 2. Damages or loss related to the defendant's criminal episode...." The state argues that, by applying subsection 2, the damages were "related" to Triplett's "criminal episode" within the meaning of subsection 2.[2]
*108 The precise question presented in this case is whether a person whose only criminal offense is the offense of leaving the scene of an accident involving personal injury may be assessed restitution for damage caused by the preceding collision. It is clear that if the same driver had committed the same traffic infraction committed by Triplett and had caused an accident resulting in personal injury or property damage, but had not left the scene, he could not be assessed restitution. Moreover, in Longshore v. State, 655 So.2d 1139 (Fla. 5th DCA 1995), a case also decided under the 1993 version of the statute, we held that a motorcyclist who fled the scene of an accident he caused was not liable to pay restitution to the person injured in the accident. "The fact that the accident that preceded the commission of the offense was Longshore's fault is not a legal basis to order restitution." Id. at 1139. The criminal episode in this case did not commence until Triplett elected an affirmative course of action in violation of the criminal laws of this state (leaving the scene) after he became aware that personal injury had occurred in the collision. State v. Dumas, 700 So.2d 1223 (Fla.1997). If there were any evidence in this record that the victim's injuries or damages were exacerbated by the lack of immediate assistance due to Triplett's criminal violation of leaving the scene, there might be an argument for restitution to that extent. But there is no such evidence.
The concurring opinion of Judge Harris suggests that the 1993 amendment must be construed to have superseded State v. Williams, 520 So.2d 276 (Fla.1988). More likely, however, the true purpose of the amendment was to deal with the line of cases that limited restitution to the exact crime to which a criminal defendant actually pled, even though several crimes (or greater crimes) were committed as part of the criminal episode. See Hebert v. State, 600 So.2d 1293, 1294 (Fla. 1st DCA 1992), approved, 614 So.2d 493 (Fla.1993); L.A.R. v. State, 563 So.2d 836 (Fla. 5th DCA 1990). The companion amendment adding subsection (b)2 to the same statute supports this interpretation.
The correct test for restitution is whether "but for" the criminal episode, the damages would have been incurred by the victim. Glaubius v. State, 688 So.2d 913, 915 (Fla.1997).[3] Here, because the damages were already incurred before Triplett undertook to commit a criminal offense, no restitution is due.
REVERSED and REMANDED.
COBB, J., concurs and concurs specially with opinion.
HARRIS, J., concurs specially with opinion.
COBB, Judge, concurring specially.
Based on the recent Florida Supreme Court case of Glaubius v. State, 688 So.2d 913 (Fla.1997) and our prior precedent of Longshore v. State, 655 So.2d 1139 (Fla. 5th DCA 1995), I concur that the award of restitution must be reversed. I also concur with the misgivings expressed by Judge Griffin in respect to the majority opinion in Cheek v. State, 700 So.2d 731 (Fla. 5th DCA 1997).
HARRIS, Judge, concurring specially.
There is a difference, a material difference I believe, between the words "caused ... by the defendant's offense" and "related to the defendant's criminal episode." I do not believe that section 775.089(1)(a)2 was added to further limit the victim's right to restitution;
*109 I believe it was added to extend the right of restitution to those victims whose injuries, although not caused by the defendant's offense at conviction, are nevertheless caused by the defendant's conduct leading up to the offense at conviction.
Section 775.089, Florida Statutes, was amended in 1993. Prior to the amendment, the only basis for awarding restitution was that the damages were "caused" directly or indirectly by the defendant's offense. The amendment, however, permits restitution if the damages are merely "related to" the defendant's criminal episode.
Robert Triplett pled to the charge of leaving the scene of an accident involving personal injuries. He ran his truck into the rear of a vehicle stopped at a traffic light. He then made a U-turn and sped away, leaving behind victims suffering substantial injuries. In sentencing Triplett for leaving the scene, the court imposed restitution for damages caused by Triplett's act of running into the victim's car. Triplett contends that the supreme court has prohibited such restitution in State v. Williams, 520 So.2d 276 (Fla. 1988), because the injuries were not caused by his fleeing. This was the holding of Williams. Is it still the law after the statute was amended?
At a time when the restitution statute required restitution for damages or loss caused directly or indirectly by the defendant's offense, the supreme court held:
The damages arising out of the accident would have occurred with or without Williams committing the offense of leaving the scene of an accident. Those damages transpired independent of that crime.
Williams, 520 So.2d at 277.[1]
It appears, therefore, that the supreme court in Williams, based on the then existing statute, required that before restitution may be awarded, it must be causally connected to the offense for which the defendant is convicted, and even a causal connection with a related uncharged offense would not suffice.
The State argues that the 1993 amendment was made in response to Williams so that the trial court may now impose restitution for damages resulting from the defendant's actions which cause the accident even if the defendant is permitted to plead to leaving the scene. Although I find logic in this argument, I acknowledge it seems contrary to Glaubius v. State, 688 So.2d 913 (Fla. 1997). But Glaubius relied entirely on Williams without discussing the effect, if any, of the 1993 amendment.
The victim's testimony reflects the following:
A. I was on the southbound exit ramp of I 95 and I was stopped at the stop light of Eau Gallie Boulevard.
Q. Okay. Could you tell the Court, was there any traffic either in front of you or behind you when you were stopped at the light?
A. There was a car in front of me and I saw headlights coming after me in the rearview mirror and he was going very fast. I knew he was going to hit us.
Q. Okay. And could you tell the Court what happened while you were stopped at that red light?
A. I was stopped and the next thing I knew we were hit so hard that we were pushed into the car in front of us.
Based on this testimony, were the damages resulting from the accident "related to" a criminal episode which culminated in Triplett's leaving the scene of an accident involving injuries? In other words, even though the injuries were not caused by Triplett's fleeing, does the fact that there was an accident which was caused by Triplett (which resulted in injuries) and which caused Triplett to flee, "relate" the damages to the criminal "episode"? I believe so. I would argue that one event can be related to another *110 regardless of which occurs first. The defendant was recklessly speeding and because of that, he hit the victim; because he hit the victim (and because he did not want to be discovered  at least at that time or in that condition), he fled the scene leaving behind the injured victims. Triplett would not have fled but for the accident which caused injury.
In Glaubius, the supreme court stated the purpose of restitution as (1) to compensate the victim and (2) to serve the rehabilitative, deterrent, and retributive goals of the criminal justice system. This purpose would be best served by permitting restitution in this case.
The victims were injured by Triplett and should be compensated. Triplett's reckless speeding[2] which caused the accident should be discouraged. The reason that restitution can not normally be affixed to a mere speeding charge that causes an accident involving injuries is not that it is not justified; it is because there is no means (authority) to attach restitution to a "civil" offense. By pleading to a crime, however, Triplett has supplied the means. The purpose of the amendment, I believe, was to broaden victims' rights to restitution by including situations such as the one in this case. If that was the purpose, perhaps the legislature will have to try again.
To continue the requirement that there be a causal connection between the damages suffered and the offense for which the defendant is convicted (since the offense for which one is convicted would appear to always be a part of the "criminal episode"), would seem to make the amendment meaningless. And the fact that the legislature used the term "indirect" cause and "related to" in authorizing restitution makes it clear, in my view, that a proximate cause (but for) analysis limited only to the offense to which the defendant pleads or for which he is convicted is inappropriate under the statute. Further, there appears to be no reason to require that the damages result from a separate charged criminal offense in order to relate them to the criminal offense for which the defendant pleads to or for which he is convicted; it should be sufficient that the defendant broke the law and that his action leading up to the violation caused the injury. I agree with Judge Griffin that restitution should not be required of a defendant who did not cause the injuries merely because he left the scene. Nor do I see that as the State's position. But if the trial judge finds, as did the judge in this case, that the defendant's conduct leading up to his fleeing the scene caused injury to the victims, then in patterning an appropriate sentence, he should be permitted to include restitution in order to compensate the victims and to deter subsequent similar conduct by the defendant.
I recognize the holding of J.O.S. v. State, 689 So.2d 1061, 1065 (Fla.1997):
Furthermore, consistent with our decision in Williams, we likewise apply the "significant relationship" test to criminal defendants under section 775.089(1)(a) which requires a court to order a defendant to make restitution for damage or loss "caused directly or indirectly by the defendant's offense" and "related to the defendant's criminal episode."
While this quotation appears to continue the requirement of causation, the court was considering an entirely different question (whether restitution could exceed the maximum dollar value defining the offense for which the defendant is convicted) and in the context of a juvenile statute (section 39.054(1)(f) Florida Statutes) which permits restitution only "for any damage or loss caused by the child's offense...." The court did not expressly consider whether the legislature intended that the conjunction "and" used between subsections 1 and 2 of the amended section 775.089(1)(a) should mean "or." See Byte International Corp. v. Maurice Gusman Residuary Trust No. 1, 629 So.2d 191 (Fla. 3d DCA 1993); Winemiller v. *111 Feddish, 568 So.2d 483 (Fla. 4th DCA 1990)[3]. Since it appears that the "defendant's offense" would always be a part of, and normally the culmination of, any "criminal episode," the amendment appears meaningless if both conditions must be present. The apparent purpose of the amendment was to broaden the authority to grant restitution by permitting restitution for damages caused by the defendant anywhere along the chain of the criminal episode. Because of binding precedent, I concur but would certify the following question as one of great public importance:
UNDER THE 1993 VERSION OF SECTION 755.01(1)(a), FLORIDA STATUTES, MAY THE COURT IMPOSE RESTITUTION FOR DAMAGES WHICH ARE RELATED TO BUT NOT CAUSED BY THE OFFENSE FOR WHICH THE DEFENDANT PLEADS?

ON MOTION FOR REHEARING
PER CURIAM.
At the request of the State and for the reasons stated in its motion, we certify the following question to the supreme court as a question of exceptional importance:
UNDER THE 1993 VERSION OF SECTION 755.01(1)(a), FLORIDA STATUTES, MAY THE COURT IMPOSE RESTITUTION FOR DAMAGES WHICH ARE RELATED TO BUT NOT CAUSED BY THE OFFENSE FOR WHICH THE DEFENDANT PLEADS?
COBB, J., concurs.
HARRIS, J., concurs and concurs specially with opinion.
GRIFFIN, C.J., dissents with opinion.
HARRIS, Judge, concurring and concurring specially.
My response to the suggestion that this certification is frivolous and that it may incur the wrath of the supreme court and provoke its revenge is, "hogwash." While recognizing that the supreme court may have indicated in Glaubius[1] and J.O.S[2], that although the legislature amended section 775.089, Florida Statutes, it did not change it, the question we pose here is whether the court would have so found if it had considered the arguments made in the State's motion for certification. The issue raised now by the State was not before the court in either of the previous cases. We believe that the supreme court is every bit as anxious as we are to make the right decision based on the facts and all relevant arguments. If the supreme court overlooked the argument now being made by the State, we believe it will appreciate the opportunity to consider it now. If it indeed fully considered this argument before, then it only needs to respond, "review denied."
We have no personal interest in what the supreme court decides. We have fulfilled our obligation as we see it. We will be no more embarrassed if the supreme court denies review than we will be flattered if it grants it. The constitution places upon both courts independent responsibilities. We feel obliged to certify even in the face of precedent if it appears that the supreme court may not have considered a legitimate argument being made by a litigant. We will continue to meet our obligation as we see it and we are confident that the supreme court will do likewise.
GRIFFIN, Chief Judge, dissenting.
I dissent from the decision to certify for three reasons. First, in my view, the question *112 certified seriously misstates the issue. Second, the case law on this issue is clear and consistent. There is no present or nascent conflict. Finally, the state's dogged reliance on Bowling v. State, notwithstanding the high court's decision in Williams, borders on frivolousness. We will strain the high court's capacity and willingness to entertain our certified questions if we abuse the privilege to certify in this way.
NOTES
[1] The record contains the restitution order but no amounts are contained in the record before this court.
[2] The state's theory of "relatedness" is that "if appellant had not caused the accident, there would not have been a scene for him to leave." This argument is only true in one sense. There could have been a scene for Triplett to leave even if he had not been at fault. For purposes of section 316.027(1)(a), Florida Statutes (1993), it did not matter if he caused the accident. Section 316.027(1)(a) prohibits the driver of any vehicle involved in an accident from leaving the scene. If the state's argument were correct that leaving the scene of an accident is enough to create the requisite "relation" to the accident for purposes of the restitution statute, restitution would be due even if the accident were not the fault of the person who leaves the scene. In any event, though "fault" was not a contested issue in this restitution proceeding, it is likely to be in others. The criminal courts are ill-equipped to litigate fault in automobile accident cases, especially in rear end collision cases. The place to determine the injured party's right to receive damages is in a civil action.
[3] One panel of this court has gone so far as to rule that damages resulting from an accident caused by a defendant charged with driving with a suspended license could not be assessed as restitution. Cheek v. State, 700 So.2d 731 (Fla. 5th DCA 1997). Either under the causation test or the criminal episode test, however, an argument can be made that driving without a legal right either caused the accident or began the criminal episode during which the accident occurred.
[1] The trial court herein interpreted the last paragraph in Williams to distinguish rather than reverse our opinion in Bowling v. State, 479 So.2d 146 (Fla. 5th DCA 1985), in which we held that if the evidence is clear that the defendant caused the accident which resulted in damages then he may be assessed the cost of restitution even if he is convicted only of the offense of leaving the scene of an accident involving personal injuries. The trial judge in our case then made a specific finding, based on the evidence presented, that Triplett was the cause of the accident. A reading of Williams shows that there is some basis for the trial court's reasoning.
[2] There is a difference, in logic if not at law, in going 80 miles an hour in a 70 miles an hour zone and speeding down an off ramp not knowing whether or how many cars are stopped at the traffic light below. Triplett's actions appear to constitute the uncharged misdemeanor of reckless driving. See section 316.192, Florida Statutes.
[3] Suppose the School Board had a policy permitting the following students to attend a dance: (1) sophomores; and (2) students sixteen years of age and older. Has the School Board limited attendance at the dance to sixteen year old sophomores? If being a member of the sophomore class is the important criteria, why exclude fifteen year old sophomores? If age is the important criteria, why exclude sixteen year old freshmen? If age and class standing are of equal concern, why not limit attendance to "sophomores who are at least sixteen years of age?" A better interpretation is that one may attend the dance if he or she is a sophomore or at least sixteen years of age. In our case, if the legislature had intended to merely add an additional condition to the existing authority to assess restitution, instead of providing an alternative basis for restitution, would it not have merely provided that restitution would be required "for damages caused ... by the defendant's offense and which are related to his criminal episode?"
[1] Glaubius v. State, 688 So.2d 913 (Fla.1997).
[2] J.O.S. v. State, 689 So.2d 1061 (Fla.1997).