WILLIAM C. OWEN, Jr., Senior Judge.
Appellant, adjudicated delinquent on a charge of grand theft of miscellaneous jewelry, challenges the amount of restitution he was ordered to pay for damages or loss to the victim. We affirm.
In November, 1996, appellant and two other juveniles broke into a dwelling and stole various items of personal property, including jewelry as well as non-jewelry items. Initially appellant was charged with three counts: burglary of a dwelling, grand theft of miscellaneous jewelry, and criminal mischief. He pled no contest to the count of grand theft of miscellaneous jewelry and the state nolle prossed the other counts. After adjudication and a restitution hearing, the court entered a restitution order setting the amount of restitution at $3,281 to cover not only the loss of jewelry but also the loss of non-jewelry items and damage to the dwelling, the total apportioned equally among the three juveniles (and their respective parents).
Appellant’s first issue is that he should not have to pay restitution for the non-jewelry losses since they were not caused either directly or indirectly by the offense to which he pled, i.e., grand theft of miscellaneous jewelry. The cases which appellant cites in support of his argument, In the Interest of J.M., 601 So.2d 604 (Fla. 4th DCA 1992); Salvador v. State, 601 So.2d 227 (Fla. 2nd DCA 1992); and Mansingh v. State, 588 So.2d 636 (Fla. 1st DCA 1991), hold that restitution is limited to damage or loss caused directly or indirectly by the defendant’s offense. However, it must be remembered that those cases involved offenses occurring prior to October 1, 1993, the effective date of Chapter 93-37, Section 1 at 198, 206, Laws of Florida, which amended Florida Statute section 775.089(l)(a) by adding the italized language below:
In addition to any punishment, the court shall order the defendant to make restitution to the victim for:
1. Damage or loss caused directly or indirectly by the defendant’s offense; and

2. Damage or loss related to the defendant’s criminal episode.

By this amendment the Legislature made clear that restitution to the victim not only would include the damage or loss caused directly or indirectly by the defendant’s offense, but also would include the damage or loss related to the defendant’s criminal episode. The criminal episode involving appellant and his two companions was the burglary of the dwelling and the theft of various items of the personal property. Consequently, the court properly included in its computation of restitution the loss or damage caused by defendant’s offense and the loss or damage related to defendant’s criminal episode. Although restitution in this case was under section 39.054(l)(f), Florida Statutes (1995), it is treated the same as restitution in adult proceedings under section 775.089, Florida Statutes (1995). See J.O.S. v. State, 689 So .2d 1061 (Fla.1997).
Furthermore, the trial court found that all three juveniles were principals in the offense involving the burglary. Where criminal activity is undertaken in concert, the method of pro-rating restitution is a matter soundly within the trial court’s discretion. See Woods v. State, 418 So.2d 401 (Fla. 1st DCA 1982); Pollreisz v. State, 406 So.2d 1297 (Fla. 1st DCA 1981).
Next appellant contends that it was error to impose restitution for two items of jewelry, i.e., a man’s lion head two caret diamond ring and a woman’s diamond ring, in the absence of anything more than the victim’s testimony as to the value of these items. The victim testified that a lion head two-caret “extremely white” diamond ring belonging to him and a ring containing five diamonds belonging to his wife were stolen; that the man’s diamond ring had belonged to his deceased father who had purchased it in Belgium; that his wife got her diamond ring before they were married; and that based on what his jeweler and his wife had told him he estimated the value of his ring at $2,400 and the value of his wife’s ring at $1,200. The court, while recognizing that the only evidence concerning the value of these two rings was the victim’s estimate, reasoned that the rings were certainly of some substantial value and that the victim should not be deprived of reasonable restitution merely because the *856 rings were not available for appraisal. The court thereupon set a value of $1,300 for the man’s ring and a value of $700 on the woman’s ring, for a total of $2,000.
An owner of property is generally qualified to testify as to the value of his or her property, and there are instances when the market value of property would not adequately reflect the victim’s loss, particularly a family heirloom. See State v. Hawthorne, 573 So.2d 330, 333 (Fla.1991); Anderson v. State, 649 So.2d 890 (Fla. 2d DCA 1995); Vickers v. State, 303 So.2d 700 (Fla. 1st DCA 1974). The trial court has broad discretion to take into account any factor in arriving at a fair amount that will compensate the victim for his or her loss. See Hercule v. State, 655 So.2d 1256 (Fla. 3d DCA 1995). No abuse of discretion occurred here.
We have considered the remaining issues but find that no reversible error has been shown and that they do not require discussion.
AFFIRMED.
STONE, C.J., and GROSS, J., concur.