GOSHORN, J.
We are asked to determine the propriety of the financial fate of T.K., one of five children involved in the burglary and ar *1198 son of the Smith dwelling.[1] Upon entering a nolo contendere plea to burglary of a dwelling and receiving a dismissal on the arson charge, T.K. was ordered to pay for damages caused to the house, garage, and contents. On appeal, T.K. argues that the court erred in ordering him to pay restitution on the full amount of damage caused by both offenses where the arson charge was dismissed. We reject this argument for several reasons.
First, T.K. did not raise this contention below. See Mitchell v. State, 664 So.2d 1099 (Fla. 5th DCA 1995) (contemporaneous objection rule is applicable in restitution hearings). Further, the damages inflicted by the fire did in fact stem from T.K’s actions in committing the burglary. It is apparent why the children were attempting to hot-wire the Porsche — it was an intended spoil of the burglary. The resulting accidental fire and damages were “caused by the child’s offense”; the damages bore a “significant relationship” to the offense. Accordingly, restitution for the damages was appropriate. See § 985.231(l)(a)6., Fla. Stat. (1997) (giving the trial court authority to order a delinquent child to make restitution “for any damage or loss caused by the child’s offense....”); J.O.S. v. State, 689 So.2d 1061 (Fla.1997) (where damages bore a significant relationship to the juvenile’s offense, restitution was proper); see also A.G. v. State, 718 So.2d 854 (Fla. 4th DCA 1998) (holding that even though restitution was ordered under the juvenile statute, restitution in juvenile cases is treated the same as restitution under the criminal code and thus, pursuant to section 775.089, restitution includes not only damages caused directly or indirectly by the offense, but also includes the damages related to the criminal episode); Triplett v. State, 709 So.2d 107, 108 (Fla. 5th DCA) (“The correct test for restitution is whether ‘but for’ the criminal episode, the damages would have been incurred by the victim.”) (citation omitted), rev. denied, 725 So.2d 1110 (Fla.1998).
T.K. asserts, too, that the State failed to prove the amount of restitution by a preponderance of the evidence. As we held in B.M. and T.F., we again hold that because this issue was not raised in the trial court, the issue was not preserved for appellate review.[2] T.K’s additional complaint that the total restitution imposed, $135,523.62, was the result of a mathematical error is incorrect. His computations failed to include the costs of hauling away the debris, a cost which the court properly included. However, we do note an error not complained of by T.K., and that is the transposition of the amount ordered paid by the child with the amount the parents were made responsible for paying. Further, the written requirement that “[i]n the event, however, that either party shall fail to make payment for this amount, the child shall be liable for the full amount” must be stricken as it was not part of the court’s oral ruling. We order that these errors be corrected upon remand.
AFFIRMED; REMANDED for correction of clerical errors.
DAUKSCH and THOMPSON, JJ., concur.

. The children entered the dwelling and removed personal items. While inside the structure, the children attempted to hot-wire a Porsche automobile, but in the process started a fire which destroyed the garage, its contents, and part of the house. The criminal process culminated in a single restitution hearing for all five children. This court has already addressed separate appeals by B.M., T.F., and M.K. B.M. v. State, 744 So.2d 505 (Fla. 5th DCA 1999); T.F. v. State, 734 So.2d 601 (Fla. 5th DCA 1999), and M.K. v. State, 732 So.2d 1217 (Fla. 5th DCA 1999).

 Even if the error had been preserved> we agree with inference in M K¡ which infer. ence is based upon that opinion’s reference to Dickens v. State, 350 So.2d 110 (Fla. 1st DCA 1977), that the property owner was properly allowed to express his opinion as to the value of the property damaged.