769 So.2d 1096 (2000)
Denise Danielle CRAFT, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-2600.
District Court of Appeal of Florida, Second District.
September 27, 2000.
James Marion Moorman, Public Defender, and Clark E. Green, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Deborah F. Hogge, Assistant Attorney General, Tampa, for Appellee.
WHATLEY, Acting Chief Judge.
Denise Danielle Craft appeals a trial court order directing her to pay restitution in the amount of $5,700. We conclude that the trial court's determination of the amount of restitution is not supported by sufficient, competent evidence and, accordingly, reverse.
Craft pleaded nolo contendere to grand theft, driving while her license was suspended, and fleeing and eluding. As a condition of her probation, Craft was ordered to pay restitution for damages to the victim's car. The trial court based the restitution order on its findings that the victim's car was worth $5,700 before it was stolen and, when it was recovered, it was totaled. Craft argues on appeal that there *1097 was no evidence to support the trial court's finding that the car was totaled. We agree.
The victim testified that, at the time of the restitution hearing, she had spent approximately $5,000 for repairs to her car. In addition, she testified that she would have to pay $4,000 for other necessary repairs. We note that no documentary evidence was presented at the hearing regarding the $4,000 estimated repair cost. The trial court only had the victim's testimony on that issue. We conclude that Craft's testimony as to the estimates was hearsay, and it was therefore insufficient to support a finding that there was $9,000 worth of damage to the car. See B.L.N. v. State, 722 So.2d 860 (Fla. 1st DCA 1998) (holding that vehicle's owner was not qualified to testify to the amount needed to repair his transmission where he had no personal knowledge of the repair process and, therefore, the cost of repair); Moore v. State, 694 So.2d 836 (Fla. 2d DCA 1997) (holding that hearsay evidence was inadmissible to prove the amount of restitution). Because no other evidence was introduced suggesting that the car was totaled, we reverse the restitution order and remand this cause for a new restitution hearing.
Reversed and remanded.
STRINGER and DAVIS, JJ., Concur.