782 So.2d 935 (2001)
STATE of Florida, Appellant,
v.
Laurie Adele SCHUETTE, Appellee.
No. 4D00-1667.
District Court of Appeal of Florida, Fourth District.
March 28, 2001.
Rehearing Denied May 14, 2001.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant *936 Attorney General, West Palm Beach, for appellant.
Carey Haughwout, Public Defender, and Benjamin W. Maserang, Assistant Public Defender, West Palm Beach, for appellee.
POLEN, J.
The state appeals a final order denying restitution after Laurie Adele Schuette was convicted of leaving the scene of an accident involving an injury and driving with a suspended license. We reverse.
The facts of this case are undisputed. Schuette was the passenger in a vehicle driven by Lorraine Vaughn. As they drove past the pedestrian victim along Summit Boulevard in West Palm Beach, the victim shouted obscenities at them. Vaughn then proceeded to make a u-turn and drove back in the victim's direction, stopping in the roadway near the victim.
At that point, while still shouting obscenities, the victim sprayed pepper spray into the vehicle, hitting Vaughn in the face. Vaughn then drove a short distance from the victim, but switched places with Schuette due to Vaughn's inability to see with pepper spray in her eyes. Schuette, whose driver's license was suspended, turned the vehicle around and drove in the direction of the victim. Although it was the same direction in which Schuette and Vaughn originally proceeded, Schutette improperly entered the wrong lane of a divided roadway and traveled the wrong way on a one-way road. The victim then entered the roadway and was struck by the vehicle driven by Schuette. After hitting the victim, Schuette drove away from the scene.
During the sentencing hearing, the state asked the trial court to order restitution. The court noted that there must be a nexus between the crime and the injuries to order restitution, but found that the fact that Schuette did not have a valid driver's license did not create the victim's injuries. It, therefore, issued an order denying restitution which states,
The court ruled the victims were not entitled to restitution under either Count 1 or Count 2, holding that in cases of Leaving the Scene of an Accident Involving Injury or Driving Under Suspended License there is no nexus between the criminal act and the injury suffered.
This timely appeal follows.
The state argues that the trial judge should have ordered restitution arising from Schuette's conviction of driving with a suspended license.[1] Section 775.089, Florida Statutes (1999), provides,
(1)(a)In addition to any punishment, the court shall order the defendant to make restitution to the victim for:
1. Damage or loss caused directly or indirectly by the defendant's offense; and
2. Damage or loss related to the defendant's criminal episode,
unless it finds clear and compelling reasons not to order such restitution.
§ 775.089(1)(a)1., 2., Fla. Stat. (1999). Under this section, before restitution may be imposed, the court must find that the loss or damage is causally connected to the offense and bears a significant relationship to the offense. Glaubius v. State, 688 So.2d 913, 915 (Fla.1997)(citing Williams, 520 So.2d 276).
Before 1993, the second district held that restitution could not be imposed against a suspended driver who caused an accident because the fact that the driver's *937 license was suspended was not causally related to the crash. See Ochoa v. State, 596 So.2d 515 (Fla. 2d DCA 1992); Stewart v. State, 571 So.2d 485 (Fla. 2d DCA 1990). However, in 1993, the legislature amended section 775.089 to add section 775.089(1)(a)2. in order to expand the criteria for ordering restitution. See Ch. 93-37, § 1, at 198, Laws of Fla. Nevertheless, even after the 1993 amendment, the fifth district followed the second district's lead in denying restitution following a defendant's conviction for driving with a suspended license. See Cheek v. State, 700 So.2d 731 (Fla. 5th DCA 1997).
Although the fifth district has not receded from Cheek, the court now appears to agree with Judge Sharp's dissent in that case. See Triplett v. State, 709 So.2d 107, 108 n. 3 (Fla. 5th DCA), rev. denied, 725 So.2d 1110 (Fla.1998). In her dissent, Judge Sharp held that, under the present restitution statute with its expanded criteria, restitution could be imposed against a driver for causing an accident following his conviction for driving with a suspended license. Cheek, 700 So.2d at 732 (Sharp, J., dissenting). She reasoned that the damages to the victim's vehicle clearly have a significant relationship to the suspended driver's criminal episode in that the episode began when he started driving without a valid license. Id.; see Littlepage v. State, 7 Fla. L. Weekly Supp. 180 (Fla. 15th Cir. Dec. 17, 1999).
Like the Triplett court, we agree with Judge Sharp's dissent and hold that restitution should have been imposed in this case.[2] Schuette's driving without a legal right began the criminal episode during which the accident occurred, and but for her driving with a suspended license, the victim would not have incurred damages. See Glaubius, 688 So.2d at 915. Accordingly, we reverse the trial court's order denying restitution and remand for a new hearing affording the state an opportunity to submit documentary evidence to prove[3] the amount of the victim's damages. See Craft v. State, 769 So.2d 1096, 1097 (Fla. 2d DCA 2000). Because the Triplett court did not recede from its prior opinion, however, we also certify conflict with Cheek.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS DECISION.
WARNER, C.J., and SHAHOOD, J., concur.
NOTES
[1] It is undisputed that restitution could not be ordered in from the conviction for leaving the scene of an accident. See State v. Williams, 520 So.2d 276 (Fla.1988).
[2] Although the state did not provide a transcript, even after Schuette brought its absence to the state's attention, we hold that the record was sufficient for us to resolve this issue.
[3] The record before us indicates the victim testified to the amount of medical bills and lost wages incurred without any documentation of those losses. In our view, such testimony alone would be insufficient to support a restitution order.