IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

O. W., A CHILD,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-2766

_____/

Opinion filed March 15, 2017.

An appeal from the Circuit Court for Duval County.
Suzanne Bass, Judge.

Andy Thomas, Public Defender, Steven L. Seliger, Assistant Public Defender,
Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, Thomas H. Duffy, Assistant Public Defender,
Tallahassee, for Appellee.

PER CURIAM.

     In this appeal, O.W. challenges the trial court's order requiring him to pay

$4,915.00 in restitution to the victims of his grand theft, arguing there was

insufficient evidence to support the amount ordered. We agree and reverse for a new

hearing.

At the restitution hearing, the victim and owner of the missing jewelry was the only person to testify. She testified that after researching the internet and finding pictures of the missing items (some exact replicas and some similar to the missing jewelry), she took the pictures to a jeweler who then gave her an estimate of how much it would cost to replace the items. The owner further testified that she did not place the value on the missing items, but was testifying only as to what the jeweler's estimate said the replacement cost of the items would be.

O.W. argues that the owner's testimony was hearsay and should not have been admitted, leaving the State with no evidence to support the amount of restitution ordered. We agree. The State bears the burden of proving the amount of restitution with competent, substantial evidence. DJR v. State, 139 So. 3d 458 (Fla. 1st DCA 2014). Here, the State failed to meet its burden because the *only* evidence presented to support the amount of restitution ordered was the victim's testimony of what the jeweler estimated the replacement cost of the missing items to be. See Bigelow v. State, 997 So. 1249, 1250 (Fla. 5th DCA 2009) ("Hearsay evidence may not be used to determine the amount of restitution when there is a proper objection by the defense to such evidence."). While "[a]n owner of property is generally qualified to testify as to the value of his or her property," A.G. v. State, 718 So. 2d 854, 856 (Fla. 4th DCA 1998), the owner's testimony of value must be their own opinion or assessment of value, although they may take into consideration other sources to supplement and

support their own knowledge of the value of the property. See id. (holding that the owner's own estimate of value that was "based on what his jeweler and his wife had told him" was sufficient to support the order of restitution); see also Yaun v. State, 898 So. 2d 1016 (holding that the owner's assessments of the value of the stolen items based on her own research was sufficient to support the amount of restitution imposed).

The only evidence to support the amount of restitution imposed in this case was the owner's testimony, which in turn was based solely on what the jeweler said. We are sympathetic to the victims of stolen property where, as here, the victims performed research and sought help from someone qualified to tell them how much it would cost to replace the missing items. But precedent says a witness's mere recitation of someone else's estimation of value is insufficient to support an order of restitution. "On remand, written estimates may suffice, so long as they satisfy the requirements of business records under section 90.803(6), Florida Statutes (2005), or are uncontested." Conway v. State, 115 So. 3d 1058, 1059 (Fla. 4th DCA 2013) (quoting I.M. v. State, 958 So. 2d 1014, 1015 (Fla. 1st DCA 2007)).

REVERSED and REMANDED.

WOLF, RAY, and MAKAR, JJ., CONCUR.